JOHN H. BANKS ET AL. *vs.* FRANKLIN H. MOSHIER ET AL.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action to foreclose a building lien filed by a subcontractor, one defense alleged that *A*, the contractor, had agreed to erect the building for $3,700, that he failed to proceed with the work, and that thereupon, pursuant to the contract, the defendant finished the house, at a total expense of more than $3,800; and that all payments to *A* were made in good faith and before the defendant had notice of the plaintiff's intention to claim a lien. This defense also alleged that the defendant was not indebted to *A* at any time subsequent to such notice, either on account of the contract, or for "any labor or materials furnished in the construction of the building described in the complaint." The plaintiff replied that as to these allegations he had no knowledge or information sufficient to form a belief. *Held* that evidence upon the part of the plaintiff was admissible in rebuttal to prove that by reason of deviations from the original plans and specifications *A* had become entitled to receive for extra work and material a sum equal to the amount claimed under the lien, over and above the specified contract price.

An averment to the effect that the pleader has no knowledge or information sufficient to form a belief, in respect to certain averments of his adversary, places the latter in the same position in regard to the burden of proof that he would have occupied had a general denial been pleaded.

Argued November 7th—decided December 18th, 1900.

ACTION to foreclose a mechanic's lien, brought to the Superior Court in Fairfield County and tried to the court, *Shumway, J.*; facts found and judgment rendered for the plaintiffs, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

The complaint alleged that the plaintiffs had furnished materials and rendered services, in the erection of a building upon the defendants' land, to the amount of $654.10, under an agreement with one Campbell, who was constructing said building for the defendants. It further stated the dates when the plaintiffs commenced and ceased to so furnish materials and render services, and the dates upon which notice was served upon the defendants and the certificate of lien filed with the town clerk.

The first defense denied, in effect, the allegations of the complaint, except as to the defendants' ownership of the land and the filing of the certificate of lien. The first paragraph of the second defense was as follows :—

" 1. On November 1st, 1896, they (the defendants) entered into a written contract with one H. L. Campbell to furnish all materials and do all work in the construction of a certain building on land described in paragraph 4 of the plaintiffs' complaint, for the sum of $3,700." Paragraphs 2, 3 and 4 of said defense allege, in substance, that by a provision of said written contract, upon the failure of the contractor to proceed with the work the owner, upon giving a certain notice, might complete the work and deduct the expense from the contract price, and that said Campbell having so failed to perform the work the defendants, after having given the required notice, completed the same and charged to the contract the expense thereof, amounting, with what had already been paid to Campbell, to $3,800.

Paragraphs 5 and 6 were as follows : " 5. The total amount paid by said defendants to said Campbell and otherwise necessarily expended in completing the construction of said building in accordance with the contract with said Campbell, exceeds the amount of said contract $100, and no money has been paid to said Campbell except in good faith, and such payments were made only prior to receiving notice of the plaintiffs' intention to claim their said lien. 6. Neither at the time of giving said notice nor at any subsequent time have the defendants owed the said Campbell any sum whatever on account of said contract or on account of any labor performed

or materials furnished in the construction of said building described in the plaintiffs' complaint."

The plaintiffs' reply alleged that they had no knowledge or information sufficient to form a belief as to the matters alleged in the second defense.

The court found all of the allegations of the complaint true, and further found that "said Campbell agreed in writing to furnish all materials and labor for the construction of the building described in said writing, and the plans and specifications therein referred to, and made a part thereof, for the sum of $3,700;" that "before the completion of said building (a small proportion thereof being unfinished), and at or about the time of the filing of the lien described in the plaintiffs' complaint, the said Campbell discontinued said work and the defendants completed the same;" that "during the time said building was being constructed under the direction of said Campbell, and after he discontinued said work, it was materially changed by the owners from said plans and specifications and made more expensive;" (the written contract made a part of the record provided that the owner during the progress of the work might request any alterations, additions or omissions from the contract, and that the fair value thereof should be added to or deducted from the contract price); that "the money paid by the defendants in good faith before the notice of the plaintiffs' intention to claim a lien, for materials and labor furnished in the construction of said building, in accordance with said plans and specifications, and in accordance with the agreements between the defendants and Campbell for extra work, and paid by the defendants after said notice and after Campbell discontinued the work, in completing said work in accordance with said plans and specifications and said agreements for extra work, was less than $3,700, to wit, $3,586.92;" that "the work performed and the material furnished in the construction of said building and in the completion thereof, in accordance with said plans and specifications and said agreements with Campbell for extra work, was reasonably worth, in addition to said contract price ($3,700), $1,259.29;" that "the contractor, Camp-

bell, never rendered any bill to the defendants for the amount of the extra work and materials, but he informed them, as the work progressed and deviations were made from the specifications, that such deviations would be more expensive and would be charged as an extra over the contract price. All deviations were made at the defendants' request."

Upon the trial " one of the defendants, on direct examination, before the defendants rested their case, testified that a sum of money in excess of $3,700 was paid by the defendants in connection with and to complete the work provided for in said written contract with said Campbell.

" The plaintiffs called said Campbell in rebuttal . . . and offered evidence to prove that deviations had been made from said plans and specifications to such an extent that there was due him for such changes and deviations from said plans and specifications, more than $1,200 over and above the $3,700, the said contract price. The defendants duly objected to the introduction of said evidence, upon the ground that it was not admissible " under the reply, and that to render the same admissible the plaintiffs should have alleged " by an affirmative statement in their reply that such extra work had been rendered." Said objections of the defendants were overruled, and said evidence admitted.

" The defendants were called as witnesses in reply to the plaintiffs' rebuttal, and they admitted that the building was not constructed according to the plans and specifications, and that there were alterations and deviations therefrom, and further testified that Campbell agreed to construct the buildings as finally constructed, for $3,700."

*John C. Chamberlain*, for the appellants (defendants).

*Wilbur S. Wright*, for the appellees (plaintiffs).

HALL, J. The only question presented by this appeal is whether, under the reply to the second defense, evidence was admissible in rebuttal to prove that by reason of changes from the original plans and specifications, the original contractor, Campbell, was entitled to receive, for all the labor

and materials furnished in the construction of the building in question, a sum equal to the amount of the claimed lien over and above the price of $3,700 named in the written contract.

By § 3021 of the General Statutes, amended by Chap. 121 (p. 1052) of the Public Acts of 1899, the plaintiffs were not entitled to a lien to a greater amount than the excess of the price which the defendants had agreed to pay to Campbell for the building and its appurtenances, over the sum of the payments which they had made to him in good faith before receiving notice of the plaintiffs' lien.

It was intended by the second defense to allege facts which would show that the price agreed upon for the construction of this building and its appurtenances had been fully paid before notice of the claimed lien, and that therefore the plaintiffs were not entitled to a lien under the statute. The evident meaning of the first paragraph of the second defense is that Campbell contracted, in writing, with the defendants, to furnish all materials and do all work in the construction of the building upon which the plaintiffs claim a lien, for $3,700. After further alleging that the sum necessarily expended in completing the building after Campbell had abandoned the work and the amount paid to Campbell before receiving notice of the lien, exceeded the contract price, the defendants say, by the sixth paragraph of this defense, that they were not at the time the notice was given, and have not since been, indebted to Campbell for any work done under the written contract, nor for "any labor performed or materials furnished in the construction of said building described in the plaintiffs' complaint."

It was clearly the contention of the defendants that they had paid to Campbell the agreed price for all work and materials furnished by him for this building as it was finally constructed. Undoubtedly they claimed to have done so by payment of the $3,700. In fact the defendants testified that notwithstanding changes were made from the original plans, Campbell agreed to construct the building as it was finally completed, for $3,700.

Under the allegations of the second defense it was open to the defendants to prove, either that all the work done and materials furnished were covered by the agreed price of $3,700 which it was claimed had been paid, or that if, by reason of changes in the plans, other work and materials not covered by the original contract price had been furnished, such work had also been paid for.

The defendants failed to establish either of these propositions. It was not agreed by the written contract that the work and materials for this building as finally completed should be furnished by Campbell for $3,700. The contract provides for an addition to or deduction from that sum, for work and materials furnished by reason of changes directed by the owner from the original plans and specifications.

It appears that changes were made from the original plans which entitled the original contractor to a sum in addition to the $3,700, and that the full amount due him has not been paid. The trial court finds that for all the work done and materials furnished, Campbell was entitled to receive $1,259.29 in addition to the $3,700, and that for work done in accordance with the original plans, and for extra work done by agreement with the defendants, including the expense of completing the unfinished work, the defendants have paid only the sum of $3,586.92.

The facts thus found entitle the plaintiffs to a lien under the statute, but they are not facts which the plaintiffs were bound to establish. They were only required to prove the allegations of the complaint. The price which the defendants had agreed to pay Campbell for the construction of this building and the sum which had been paid in good faith at the time notice of the lien was given, were facts peculiarly within the knowledge of the defendants, and as to these facts the plaintiffs had only to meet the proof offered by the defendants in support of the allegations of the special defense.

The evidence offered by the plaintiffs in rebuttal was for the purpose of proving facts which were inconsistent with the averments of the second defense. It was therefore proper rebutting testimony, and was admissible under the reply which

subjected the defendants to the same burden of proving, and gave to the plaintiffs the same right of controverting, the allegations of the answer, as a denial would have done.  *Sayles v. Fitz Gerald*, 72 Conn. 391.

There is no error.

In this opinion the other judges concurred.