MICHAEL SCHWAGER *vs.* MARYIAN BUZANOSKY ET AL.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

The complaint alleged that the defendants as grantees of the mortgaged premises had assumed and agreed to pay a third mortgage of $1,330 "to the extent of $800." The agreement recited in the assumption clause was to pay "a third mortgage on which there is an unpaid balance of $800" due. In fact no part of the $1,330 had been paid, and, by the grantor's default, the entire principal sum had become due at the option of the plaintiff before the conveyance to the defendants was executed. *Held* that the facts found did not support a judgment for the plaintiff.

A defense that the acceptance, delivery and recording of a deed was procured through fraud must be specially pleaded (Pr. Bk., p. 290, § 200) and evidence thereof is inadmissible under a general denial.

Argued March 5th—decided July 11th, 1924.

ACTION to recover the amount of a mortgage note to the extent of $800, which the defendants were alleged to have assumed and agreed to pay in a deed to them of the mortgaged premises, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judgment rendered for the plaintiff for $857, and appeal by the defendants. *Error and new trial ordered.*

The complaint alleges that on May 9th, 1921, one Ferdinand Faierbach executed his promissory note, secured by third mortgage on the premises described, for $1,330 payable to the order of the plaintiff in instalments; viz. $530 on August 1st, 1921, and $75 each and every six month thereafter until four years from date, when the entire unpaid balance should become due and payable, with interest at six per cent per annum payable on instalment dates; with an agreement that default

in payment of principal or interest on the note or on the prior mortgages, for a period of thirty days, should render the entire unpaid balance due and payable forthwith at the option of the holder; that Faierbach conveyed the mortgaged premises to one John Kleinschmidt on May 16th, 1921, and Kleinschmidt conveyed them, on September 8th, 1921, to the defendants, who in the deed of conveyance expressly assumed and agreed to pay the mortgage and note to the extent of $800. It is alleged that the deed was delivered to and accepted by the defendants; that the instalment of principal and interest due August 1st, 1921, and the instalment due February 1st, 1922, were not paid when due nor within thirty days thereafter; that the plaintiff has exercised his option of declaring the unpaid balance of the note due; and that $1,330 with interest is due thereon.

The substituted answer is, in effect, a general denial of all the allegations of the complaint.

The trial court found the allegations of the complaint true, and found specifically that the deed of conveyance was delivered to and accepted by the defendants with full knowledge of the assumption clause contained therein, and rendered judgment for the plaintiff to recover $800 with interest.

The reasons of appeal relate to alleged errors in the exclusion of evidence, to the claim that the assumption clause describes the mortgage as "a mortgage on which there is an unpaid balance of $800," and that no such mortgage existed at the date of the conveyance, and to a motion for corrections of the finding which, except as noted in the opinion, is not otherwise pursued than under the claim that the findings complained of are conclusions of fact unsupported by the subordinate facts found.

*Dennis P. O'Connor,* for the appellants (defendants).

*Frederick J. Rundbaken* and *Harry Schwolsky,* for the appellee (plaintiff).

BEACH, J. The complaint alleges that "in said deed of conveyance" the defendants agreed to assume and pay the third mortgage and the note secured thereby "to the extent of $800." This allegation is among those denied in the answer. The trial court has found this issue for the plaintiff. The allegation is on its face an attempt to state the legal effect of the assumption clause contained in the conveyance from Kleinschmidt to the defendants, so far only as the third mortgage is concerned. But on turning to the conveyance itself, which contains the authoritative expression of the defendants' contract with Kleinschmidt, we find it stated as follows:

"Said premises are subject to certain rights in the Board of Water Commissioners of the City of Hartford described in deed dated June 28, 1913, recorded in volume 78, page 396; a lease for ninety-nine years to Union Electric Light & Power Company dated May 28, 1914, recorded in volume 78, page 457; a mortgage in the principal sum of $3,000 in favor of Gustave Berndt and Catherine Berndt; a second mortgage on which there is an unpaid balance of $1,700 in favor of Minnie Stenner, and a third mortgage on which there is an unpaid balance of $800 in favor of Michael Schwager, which above enumerated mortgages the grantees herein assume and agree to pay as part consideration for this conveyance."

Plainly an agreement to pay the mortgage described in the complaint as a mortgage for $1,330 "to the extent of $800," is a very different thing from an agreement to assume and pay a mortgage "on which there is an unpaid balance of $800."

Defendants' reason of appeal twenty-eight is that

" the court erred in not finding on said date, September 8, 1921, there was no mortgage upon said premises in favor of the plaintiff on which there was an unpaid balance of eight hundred (800) dollars; the only mortgage held by the plaintiff being one for thirteen hundred (1300) dollars and interest, which said mortgage was not assumed by the defendants and which they did not agree to pay."

Though open to criticism on the ground that the word "ruling" should have been used in place of the word "finding," we think this reason of appeal is well taken, and it is among those enumerated as pursued on the brief. Defendants also pursue reason of appeal forty-six, which asks that the finding be corrected by striking out so much of paragraph eleven as finds that the defendants assumed and agreed to pay the mortgage to the extent of $800.

As to the substance and merit of these reasons of appeal, there can be very little question in view of the finding that the first instalment of $530 due on the mortgage note August 1st, 1921, was not paid when due nor within thirty days thereafter, so that the entire amount of the $1,330 note had become due and payable at the option of the plaintiff, and his right to institute foreclosure proceedings had already matured before the conveyance containing the assumption clause was executed.

It is a necessary consequence of the finding that there was at the date of the conveyance no mortgage on the premises "on which there was an unpaid balance of $800" due, upon which the assumption clause could operate; and on the face of the deed it is apparent that the defendants did not agree with Kleinschmidt to assume and pay a mortgage and note for $1,330 "to the extent of $800." The finding is corrected by striking out from paragraph eleven the words "which they

assumed and agreed to pay when they accepted the deed of conveyance of said premises." Thus corrected, the finding does not support the judgment, for the reasons above given.

All the reasons of appeal relating to the exclusion of testimony refer to an attempt by the defendants to prove an agreement that the deed from Kleinschmidt to the defendants, which was executed more than thirty days after the first instalment of $530 on the third mortgage fell due, was to be held in escrow by Mr. Daly, the defendants' attorney, until Kleinschmidt should satisfy the defendants that only $800 remained unpaid on the third mortgage, as recited in the deed. And further that Kleinschmidt, by falsely representing to Daly that the defendants had consented thereto, fraudulently induced Daly to accept the deed and record it, at a time when the entire amount of the note was already due and payable at the option of the holder. It appears from the trial record, which was printed in full in support of the attempt to correct the finding, that defendants' answer as originally filed contained allegations supporting this charge of fraud, but that when the case came on for trial that answer was withdrawn, and a substituted answer in the nature of a general denial filed.

The trial court excluded the offer of the defendants to prove that the acceptance, delivery and record of the deed was procured by fraud. If the defendants intend to try this issue of fraud upon the new trial, the answer should be amended so as to set up the facts relied on. Practice Book, § 200, p. 290.

There is error and a new trial is ordered.

In this opinion the other judges concurred.