LEONARDO MAZZIOTTI *vs.* VINCENZO DIMARTINO ET AL.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and JENNINGS, Js.

The refusal of the trial court to permit the plaintiff, after the close of his evidence, to amend his complaint in an action which had been pending nearly eleven years, was a reasonable exercise of its discretion.

The plaintiff commenced the present action in his own name as "agent" and was so denominated in his, and the defendants', subsequent pleadings, and also in the judgment as of nonsuit rendered against him, whereas his appeal to this court was prosecuted in his individual capacity and there appeared in the record a motion, apparently never passed upon by the trial court, in which he requested permission to strike out the description of "agent" as a mistake. *Held* that this confusion could only be resolved by treating the designation in the judgment as conclusive.

Slight verbal inaccuracies or differences between a contract alleged and that proved, do not constitute a fatal variance where it is obvious that they are the result of separate translations from the foreign language in which the original agreement was drawn.

While the liberal procedure under the Practice Act has greatly modified the technical refinements of the common law relating to the subject of variance, it is still true, especially with reference to contracts, that the plaintiff's pleadings must fairly apprise his opponent of the facts which he intends to establish, and that the cause which he alleges, and the cause which he proves, must substantially coincide in every essential particular.

The allegation in the first count of the plaintiff's complaint that the entire contract between R and the defendants for the carpentry and masonry work upon the defendants' building had been

assigned by R, with the consent of the defendants, to the plaintiff, was not supported by the plaintiff's proof that only such part of the contract as related to the carpentry work was so assigned; and, therefore, the trial court did not err in granting a judgment as of nonsuit against the plaintiff upon this count.

The trial court did err, however, in granting a similar judgment for the same reason against the plaintiff upon his second count, in which he sought recovery for extra work not included in the written contract but performed under an independent verbal agreement between himself and the defendants.

Argued October 7th—decided November 10th, 1925.

ACTION to recover for services rendered and materials furnished to the defendants in remodeling a building, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* upon the submission of the plaintiff's evidence, the court granted the defendants' motion for a nonsuit, and from the judgment rendered thereon the plaintiff appealed. *Error and new trial ordered.*

*John J. Dwyer,* for the appellant (plaintiff).

*John C. Blackall,* with whom, on the brief, was *Edward W. Broder,* for the appellees (defendants).

HAINES, J. This action was begun in January, 1914, but the hearing, from which this appeal resulted, was not held till December, 1924. After the plaintiff had produced his evidence and rested his case, the plaintiff moved to amend the complaint by setting out the writing in evidence in place of the one alleged. The court denied the motion. There had been various amendments and substituted pleadings and the case had been pending nearly eleven years. The court's discretion was properly exercised. *Shelinsky* v. *Foster,* 87 Conn. 90, 94, 87 Atl. 35. The court then granted the defendants' motion for a nonsuit and rendered judgment on the whole case for the defendants. The

plaintiff moved that the nonsuit be set aside, which the court refused to do, and the plaintiff appealed.

The plaintiff went to trial on two counts; the first sought recovery of a balance alleged to be due him on a written building contract which was set out in full. It was a contract to furnish the necessary materials, and to perform both the carpenter and mason work, in remodeling a building of the defendants, for the sum of $1,225. This writing was signed by one Rommanelli, the contractor, and by one of the two defendants. It was alleged in subsequent paragraphs of this count that this contract was assented to by the other defendant before the work was begun; that Rommanelli, before the work began, "assigned and transferred all his right, title and interest in said contract to the plaintiff, on condition that he, the plaintiff, would perform the said contract in so far as it was to be performed by the said Reno Rommanelli, and the defendants both assented to the said assignment and transfer and agreed that the plaintiff might perform said contract instead of the said Rommanelli." He then alleges full performance and the nonpayment of a balance due him therefor.

The second count alleges the performance by the plaintiff of certain other work upon this building and the furnishing of certain materials, by the plaintiff, under an oral agreement made by the plaintiff with the defendants, who desired such work and materials, which were not included in the Rommanelli contract. These were itemized and the reasonable value thereof stated, which it is then alleged has not been paid by the defendants.

The suit was brought in January, 1914, in the name of the plaintiff as "agent." The first count above summarized was filed as a substituted first count December 8th, 1923, and the second count as above summarized

was filed as a substituted second count March 9th, 1923. Both were entitled in the name of plaintiff as "agent," but signed as an individual. The substituted first count, however, is in the form of a motion and recites that the action was commenced as "agent" by mistake and should have been brought by the plaintiff in his individual name, and moves for permission to amend the pleadings to so read. The record does not disclose whether these motions were ever passed upon or allowed by the court, but the defendants filed an answer and counterclaim November 29th, 1924, entitling the pleading, however, in the name of the plaintiff as agent, while the plaintiff in his individual name filed a reply to the counterclaim December 16th, 1924. The defendants' pleadings have all been entitled with the plaintiff as agent. In this state of the pleadings the case went to trial, and we find the judgment of nonsuit entered by the court December 17th, 1924, against the plaintiff as "agent." The only reasonable solution of this confusion in the pleadings is to treat the final judgment as conclusive on the question of the capacity in which the plaintiff finally stood before the court, viz. as agent. The plaintiff so describes himself in his motion to set aside the nonsuit, while he takes his appeal in his individual name and so entitles the case in the record before us. The plaintiff stated upon the stand that he was doing business at this time as agent for his wife and not in his own name.

The evidence produced by the plaintiff further shows that he did not undertake to do all that Rommanelli had undertaken in the written contract; that he contracted to do the carpenter work only, while one Pescosolido, who was also present with the defendants and Rommanelli, contracted to do the mason work; that the latter was to receive $305 for the mason work required by the Rommanelli contract, and the plaintiff

Mazziotti *v.* DiMartino.

$920 for the carpenter work, a total of $1,225, which was the total sum Rommanelli had contracted for.

In moving for nonsuit the defendants claimed that the written contract alleged and the contract proved were not the same contract and that there was a fatal variance. A careful comparison shows, however, that the contracts bear the same date and obviously refer to the same work. The wording is different, but the subject-matter is the same, save that one specifies that the cellar is to be five feet deep and the other six feet. The evidence is that the contract was written by Rommanelli in Italian, a carbon sheet being used to produce the copy. It is true the contract declared on carries a statement at the bottom and beneath the signature of the parties which does not appear on the contract in evidence. This was signed only by Rommanelli himself and was clearly a memorandum only. It can fairly be treated as surplusage and not a binding portion of the contract between the parties. It is obvious that the differences in the wording of this building contract are accounted for by two different and rather free translations from the Italian into English and that the difference of one foot above referred to was probably an error by one of the translators. There is a sufficiently clear identity between the contract alleged and the contract proved.

The court, however, apparently rested the nonsuit upon the ground that while it was alleged that the plaintiff took over the entire Rommanelli contract, the plaintiff's evidence showed that he assumed only the carpenter work, while the mason work was assumed by Pescosolido, who was quite independent of the plaintiff. This goes directly to the substance of the action. The allegation is that the plaintiff had a contract for the entire work for $1,225, while the proof is

that he had a different contract, viz. one for carpenter work only and for $920.

Every variance between allegation and proof is not fatal, yet if the difference is one of substance and the proof results in destroying the identity of the contract set up in the pleading, the action must fail. The strictness and refinements of the old practice have been greatly modified by our more liberal procedure in the interests of justice. Practice Book, p. 285, § 186; *Maguire* v. *Kiesel,* 86 Conn. 453, 456, 457, 85 Atl. 689. However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he had not fairly alleged in his pleading. Contracts, especially, should be proved as alleged in every essential particular, for while they may be stated according to their legal effect, the pleading should be such as to fairly apprise the adverse party of the state of facts which it is intended to prove. *Schwager* v. *Buzanosky,* 101 Conn. 186, 125 Atl. 373; *Pascucci* v. *Rossi,* 91 Conn. 598, 101 Atl. 22; *Shelinsky* v. *Foster,* 87 Conn. 90, 96, 87 Atl. 35; *Maguire* v. *Kiesel,* 86 Conn. 453, 5 Atl. 689; *Plumb* v. *Griffin,* 74 Conn. 132, 136, 50 Atl. 1.

The allegations of the complaint as to the contract suggest the legal elements of a novation, the substitution of the plaintiff by the agreement of all parties, including the defendants, for the original contractor, Rommanelli. 29 Cyc. p. 1130 *et seq.*

The plaintiff's evidence accords with this, at least to such an extent as to have entitled the plaintiff to a consideration of this possible aspect of his case. This becomes of interest only in the event of a new trial, because the fact still remains, that the allegation comprehends a contract for all the work, while the proof

is of a contract for part of it only and for a different price; so, even if it had been determined that there was a novation, the claim of variance would still have been valid. The result reached by the court was correct as to the first count. Nothing in this opinion is intended to limit the trial court in the exercise of its discretion in permitting a proper amendment of the first count, if the facts of the case seem to warrant such action.

The second count, as we have already suggested, rests upon a different basis. Here is alleged an independent verbal contract for work and materials and there is nothing in the evidence before us which changes or in any way varies that contract. Being work outside of the terms of the Rommanelli contract, the defendants were at liberty to procure it to be done by the plaintiff or by a third party, as they saw fit, and if they chose to contract with the plaintiff to do it, he stood in the same legal position in relation to it that any third party contracting would have stood, and it was his right to show that he had done the work and had not been paid. It follows that it was error to include the second count in granting the nonsuit.

There is error and a new trial is ordered.

In this opinion the other judges concurred.