PIERCE, BUTLER & PIERCE MANUFACTURING CORPORATION *vs*. THOMAS B. ENDERS ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 16th, 1934.

*Leon J. Beisheim,* with whom was *Arthur T. Keefe,* for the appellant (defendant).

*Thomas E. Troland* and *Foster K. Sistare,* for the appellee (plaintiff).

HINMAN, J. The defendant Enders, who owns an island in the town of Stonington, on May 22d, 1929, entered into a contract with Otis M. Townsend for certain alterations and additions to the house owned by him, under which Townsend agreed to furnish the materials and do all the work, including the plumbing. Later Enders also authorized Townsend to do extensive additional extra work. Theodore V. Townsend, as subcontractor under Otis Townsend, performed all the plumbing work called for in the contract and in connection with the extra work. The plumbing fixtures were furnished by the plaintiff commencing July 2d, 1929, and ceasing May 5th, 1930, on which date there was due to it $852.66. On May 24th, 1930, notice of its intention to claim a lien was served on Enders and on May 29th it filed a lien against this defendant's property. From June to August, 1929, Enders paid to Otis Townsend under the original contract sums aggregating $48,000, and during the period between August 30th, 1929, and April 23d, 1930, paid him $43,077.02 for additional services rendered and materials furnished. On May 17th, 1930, Otis Townsend attached Enders' property in an action returned to the Superior Court in New London County, claiming damages under the original contract, which action is still pending. On July 17th, 1930, the Chamberlain Metal Weather Strip Company filed a mechanic's lien for $1024. In the present action judgment by default was entered against the defendants Otis Townsend

and the Weather Strip Company. The foregoing findings of fact are not questioned on this appeal.

Findings which are attacked but which have sufficient support in evidence include that on May 5th, 1930, the contract between Otis Townsend and Enders was substantially completed and there was due the final payment thereon of $10,000, payment being subject, under the contract, to release of all liens. The only claimed defects in the work were in relation to the roofing and weather-proofing, the expense of repairing which did not exceed $1000. No statements from the draft-finding which would affect the result can be added as admitted or undisputed. The trial court could reasonably conclude, as it did, that at the time of the service by the plaintiff of notice of intention to claim a lien there was due from Enders to the original contractor, Otis Townsend, $9000. It concluded, further, that the plaintiff established its lien in accordance with the statutory requirements, and that there was due thereon on the date of judgment $1032.71.

The plaintiff alleged in its complaint that it furnished materials "under an agreement with Otis M. Townsend and Theodore Townsend, contractors for the construction of said house." On the trial it developed that Otis Townsend was the original contractor for all the work done for the defendant, and that Theodore Townsend was a subcontractor, under him, for the plumbing work for which the plaintiff furnished materials. The appellant claims that this constituted a fatal variance between pleading and proof, relying upon *Mazziotti* v. *DiMartino,* 103 Conn. 491, 130 Atl. 844. In that action, which was brought to recover on a written building contract, it was alleged that the plaintiff took over the entire contract, while the plaintiff's evidence showed that he

assumed only the carpenter work, the part of the contract calling for mason work being taken over by another party. It was held that this variance went to the substance of the action and that recovery by the plaintiff would be for a cause which he had not fairly alleged in his pleadings. The variation in the instant case is not one which affects the identity of the cause of action or other essential of the claim, and it could not have misled or prejudiced the defendant in his defense on the merits. Under our rule and established liberal practice it may be disregarded as immaterial. Rules, § 186, Practice Book, p. 285; *Maguire* v. *Kiesel*, 86 Conn. 453, 457, 85 Atl. 689; *Plumb* v. *Griffin*, 74 Conn. 132, 136, 50 Atl. 1. Moreover, as it does not appear that objection, as not within the allegations of the complaint, was made to admission of evidence as to the actual situation, such variance as there was is to be deemed to have been waived. *Nocera* v. *LaMattina*, 109 Conn. 589, 592, 145 Atl. 271.

The paragraph of the complaint which set up the other claimed incumbrances on the property included an allegation that Otis Townsend claims a lien for $50,000 by attachment dated May 17th, 1930, and recorded. To this the defendant pleaded no knowledge, and the record does not show that any objection was interposed to evidence tending to prove the amount owing by the owner to the principal contractor. The finding discloses that the attachment was made in an action claiming damages under the original contract, which ever since has been pending in the Superior Court. No further finding was made or requested as to the nature of that action or the proposed defense to it. The defendant made a claim of law that the present action is premature "because the amount due Otis M. Townsend, . . . if any, cannot now be determined," contending that such deter-

mination must await the outcome of the suit in the Superior Court, and now assigns error in the overruling of that claim. In the situation presented by the pleadings and the evidence, the trial court was warranted in holding that the pendency of the other action did not preclude ascertainment, for the purposes of foreclosure of the plaintiff's lien, of the amount of the contract price remaining unpaid. Upon proper pleading, in an action to foreclose a lien of a subcontractor the amount due the original contractor is a material issue. *Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 99 Atl. 853. For that reason the original contractor should be made a party. Rockel, Mechanics' Liens, § 229. The fact that the same issue is presented in a pending suit by the original contractor against the owner, to which the subcontractor is not a party, cannot prevent its determination in the foreclosure action. The defendant, by answer, might have asserted abandonment of the contract, or payment in full. *Banks* v. *Moshier,* 73 Conn. 448, 47 Atl. 656. He also might have counterclaimed for damages, as for defective work, and, as Otis Townsend was a party defendant, the entire controversy might have been settled in the present action, which could have been transferred to the Superior Court if the amount then involved exceeded the jurisdiction of the Court of Common Pleas. Rules, § 215, Practice Book, p. 294; General Statutes, § 5553. As the case was pleaded and tried, the essential issue as to the situation between this defendant and Otis Townsend was whether there was indebtedness of the former to the latter to which a mechanic's lien of the plaintiff might attach (General Statutes, § 5108; *Waterbury Lumber & Coal Co.* v. *Coogan,* 73 Conn. 519, 48 Atl. 204) and this issue was open to determination.

Error is assigned in the conclusion that the plaintiff

conformed to the statutory essentials of a mechanic's lien. As to the contents of the notice, the statute (General Statutes, § 5107) only requires that it inform the owner that the person giving it has furnished or commenced to furnish materials or rendered or commenced to render services and intends to claim a lien therefor, and this requirement was met. It is required (§ 5106) that the certificate of lien shall describe the premises, and state the amount claimed as a lien thereon, the date of commencement of services or furnishing of materials, and that the amount claimed is justly due, as nearly as can be ascertained. These details were given in the certificate filed and recorded. The name of the subcontractor, Theodore Townsend, also was set forth correctly, the only inaccuracy being in describing him as "contractor and agent" for the defendant. The statute governing mechanics' liens is to be so construed and applied as to reasonably and fairly carry out its remedial intent. *Parsons* v. *Keeney*, 98 Conn. 745, 748, 120 Atl. 505; *New Haven Orphan Asylum* v. *Haggerty Co.*, 108 Conn. 232, 239, 142 Atl. 874. "While the court properly insists that all the provisions of the statute shall be complied with, it does not insist upon technical nicety in the statement of details, but will be satisfied with a substantial compliance." *Westland* v. *Goodman*, 47 Conn. 83, 85. As was said in that case concerning a mistake in stating the date of ceasing to render services, the present plaintiff gained and the defendant lost nothing, and no one was misled by the error in the immaterial description of Theodore Townsend as contractor and agent of the defendant instead of subcontractor under Otis Townsend, and it is insufficient to invalidate the lien. *Tramonte* v. *Wilens*, 89 Conn. 520, 523, 94 Atl. 978, and cases cited. In the cases relied upon by the appellant, the defects consisted of violations, regarded

as material, of specific provisions of the statute. *Kelly* v. *Alling,* 84 Conn. 487, 492, 80 Atl. 782, held that oral information or an informal letter from the plaintiff subcontractor to the owner did not so conform, either in form or manner of service, to the requirements of the statute (now § 5107 of the General Statutes) concerning notice of intent to claim lien, as to justify the owner in holding back payments under the contract. In *White* v. *Washington School District,* 42 Conn. 541, 545, failure to cause attested copies of certificates of lien to be left with the owner was held to be an omission of acts required by the statute which could not be waived to the prejudice of others who had complied fully with it. In *Swift & Upson Lumber Co.* v. *Hatch Co.,* 115 Conn. 494, 162 Atl. 19, the copies of notices of intention to claim liens were not attested as prescribed by statute, and were held not to entitle to its benefits the parties so failing to comply with it.

The appellant asks us to consider a further claim that, as the original contract provides that the balance of the contract price, after the prescribed progress payments, becomes payable only when "work is completed and release of liens furnished," the plaintiff had no right to a lien. We find no indication in the claims of law or elsewhere in the record that this contention was advanced in the trial court, and the appellee apparently, and with justification, finds no suggestion of it in the assignments of error, and it is not mentioned in plaintiff's brief. This case presents no ground of exception to the general rule that this court will not entertain questions not distinctly raised at the trial. Rules for Appellate Procedure, § 15; *Rindge* v. *Holbrook,* 111 Conn. 72, 75, 149 Atl. 231. We merely point out, in passing, that cases, cited by the appellant, in which the contract provided that no

liens shall be filed by contractor or subcontractor, are manifestly not in point. *Schroeder* v. *Galland*, 134 Pa. St. 277, 19 Atl. 632; *Benedict* v. *Hood*, 134 Pa. St. 289, 19 Atl. 635; *Morris* v. *Ross*, 184 Pa. St. 241, 38 Atl. 1084.

The objection that the judgment should have provided for apportionment between the plaintiff's lien and that claimed by the Weather Strip Company is disposed of by the finding that it was not established that the latter lien was for materials or services under the contract.

There is no error.

In this opinion the other judges concurred.