## CORIDO ROSA
*vs.*
## AMERICAN OIL CO., INC., ET ALS.

Superior Court        New Haven County        File No. 60707

MEMORANDUM FILED JANUARY 8, 1942.

*Bernard Kopkind* and *Clarence Hadden,* of New Haven, for the Plaintiff.

*Pond, Morgan & Morse,* of New Haven, for the Defendants.

O'SULLIVAN, J.   In this action, the American Oil Company, Inc., the City Lumber Company, Inc., and Donald L. Lucas were made parties defendant.   The court directed a verdict for Lucas but submitted to the jury the question of liability on the part of the other two.   A verdict of $6,000 was rendered against both.   Each defendant has moved to set the verdict aside, but this memorandum will deal solely with the motion of the oil company.

The core of the cause of action alleged in the complaint is

that on October 1, 1940, the oil company owned a parcel of land known as No. 1240 Stratford Avenue, Stratford; that on that date it was operating thereon a gasoline and auto service station under the management of its agent, Donald L. Lucas; that while the plaintiff was lawfully on the premises he was struck across the face with a crowbar which had been caused to fly into the air when it was run over by a truck which had previously been driven into the station and was thereafter in the process of being backed by an employee of the lumber company; and that the accident was due to the negligence of each company.

While the evidence disclosed that the accident occurred as alleged, namely, by the truck of the lumber company causing the crowbar to fly up, there was a complete absence of proof that the oil company was engaged in conducting the gas station. On the contrary, the only evidence on this subject was that the oil company, as the owner of the premises, had leased them to Lucas, and the latter was running the place on his own account and for his sole benefit.

There was, however, other evidence from which the jury could have found these additional facts, to wit: that on June 21, 1940, the oil company had made application to the building inspector of Stratford for permission to remodel a small service building located on the property; that on the day in question, the Cody Modernization Company was engaged in the work of remodeling this building for the oil company; that by October 1st, the structure had been so far completed as to be about ready for the installation of a glazed tile product with which it was to be faced; that, while work on the building was progressing, Lucas was selling gasoline and similar products, and was using certain temporary pumps which stood on a small concrete island about ten feet from a narrow concrete walk running along the front of the structure; that on October 1st, the plaintiff, an employee of the tile company, went to the premises to take certain measurements; that, while there, he met one Brennan, an agent of the oil company, and that both he and Brennan began to check up on the necessary measurements; that while they were so engaged, a truck of the lumber company was driven into the station and came to a stop between the narrow sidewalk near the building where they were standing and the concrete island where the pumps were installed; that shortly thereafter, the operator, intending to back the truck, ordered his helper to get out of the cab and

go to the rear to guide the truck's movement; that in backing, a wheel passed over the end of the iron bar which had been lying on the narrow sidewalk close to the spot where the plaintiff was bending over, the bar lying in such a position that one of its ends protruded over the edge of the sidewalk; and that the bar was snapped up and struck the plaintiff's face.

Turning now to the specifications of negligence directed against the oil company, one finds the following: "Said accident and injuries were caused by the negligence of the defendant, The American Oil Co., Inc., (1) in that its servants, agents or employees carelessly and negligently placed or left said iron bar in a place where he or they knew, or, in the exercise of due care, should have known vehicles would pass; (2) in that he or they failed to remove said bar from its dangerous position when he or they knew or should have known of the plaintiff's presence on said premises in a position of danger from said truck and bar; (3) in that he or they failed to warn the plaintiff of the dangerous position of said bar; (4) in that he or they failed to supervise and direct the driver of said truck so as to prevent him striking said bar with the truck."

As to these specifications, which are, of course, nothing more than an enumeration of the particular ways in which it is claimed the alleged duty has been breached, the first, which states an affirmative act, may be ignored because no evidence supports it. As to the others, bracketed as (2), (3), and (4), it is to be noted that each consists of an averment that something should have been done which wasn't done. In other words, they allege a failure to take positive action and from this, negligent conduct is claimed to have resulted.

However, a failure to act is not negligence unless, by such conduct, a duty has been breached, for negligence is grounded on duty. *Sharkey vs. Skilton,* 83 Conn. 503, 508. Negligence is frequently spoken of as a violation of the duty to use due care. It can exist only when the law imposes a duty to employ care. The duty to employ care is imposed, in general, when a man is actively engaged in some enterprise or when he has voluntarily entered into some relationship with others which requires that he act with due regard for the safety of those with whom the relationship exists. "The law does not," said Sir Frederick Pollock, "undertake to make men render service to their neighbours at all times when a good or brave

man would do so. Some already existing relation of duty must be established." *Pollock, Torts* (14th ed. 1939) p. 347.

I indulge in these preliminary and elementary observations in order to fix a base for examining the claim of variance upon which the oil company relies. It is needless to add that no modern court waxes enthusiastic over such a claim. We have departed very far from the strictness of the old common-law doctrine of variance and now discourage claims based upon it, regarding them only where there is a disagreement between the allegations and the proof in some matter essential to the charge or claim. *Plumb vs. Griffin,* 74 Conn. 132, 136; *Maguire vs. Kiesel,* 86 id 453, 457. "However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he has not fairly alleged in his pleading." *Mazziotti vs. DiMartino,* 103 Conn. 491, 496, quoted with approval in *Epstein vs. Blumenthal & Co., Inc.,* 114 id. 195, 199.

The cause of action set out in the complaint includes a material allegation from which would ordinarily flow a duty. Obviously intended to state the basic fact from which a duty arose, the complaint runs, that "on said day, the defendant, the American Oil Company, by its agent, Donald L. Lucas, operated on said premises a gasoline and automobile-service station." This averment lays the cornerstone selected by the plaintiff himself, to which he proposed to tie a duty—the duty, one might add, of exercising reasonable care to maintain the station in a reasonably safe condition for those invited to enter on it. But the evidence established no such fact. On the contrary, it was Lucas who was operating and in possession of the gas station by virtue of his lease, and upon Lucas, and not upon the oil company, rested the duty that flowed from the allegation of the complaint above cited.

It is beside the mark to assert that there was proof of other facts from which the law would burden the oil company with a similarly phrased duty. Every defendant is entitled to be apprised by appropriate allegation of the basic facts on which his opponent relies to spell out the duty, for a violation of which he stands charged. If the plaintiff sought to depend on a duty created by other facts than that of operating a gas station, whereby the oil company's relationship with those

lawfully on the premises might be fixed, such facts should have been alleged.

A party must succeed, if at all, upon the claim set up in his complaint. Proof without allegation is as unavailing as allegation without proof. A party cannot plead one cause of action and succeed on another. The cause of action which he himself has picked out consists of a state of facts from which springs a right to enjoy a remedy. *Vincent vs. Mutual Reserve Fund Life Association*, 77 Conn. 281, 285; 7 *Yale L.J.* 246.

In the instant case, the variance is real and it is material. The question of the oil company's liability should not have been submitted to the jury at all, for the plaintiff had failed to establish the cause of action on which he relied.

In conclusion, it might be said that, as the complaint was drafted, the oil company was required to meet only what it was confronted with. Had other facts been alleged which centered on its relationship with the plaintiff by reason of the remodeling of the building, the defendant might, for aught one knows to the contrary, have been able to interpose some special defense such as, for example, that of an independent contractor.

The conclusion is irresistable that the proof departed from the pleading to such a material and prejudicial extent that a true and enforcible variance existed. *Epstein vs. Blumenthal & Co., Inc.*, 114 Conn. 195.

Accordingly, the motion is granted.