ALL TIME MANUFACTURING COMPANY, INC. *v.* DAVID VAN STEENBURGH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-611-62M

Argued November 3, 1961—decided February 16, 1962

*Frank A. Piccolo,* of New Haven, for the appellant (defendant).

*James R. Greenfield,* of New Haven, for the appellee (plaintiff).

ALEXANDER, J. The plaintiff is a corporation engaged in the manufacture and sale of aluminum storm windows, doors and jalousies. The defendant operates an unincorporated roofing, siding and re-

modeling business. The B & M Home Improvements Company was an unincorporated business operated by one Thomas J. Borromeo. Prior to October 14, 1958, the defendant had on two occasions bought products from the plaintiff. Shortly prior to October 14, 1958, the defendant introduced Brodie, the plaintiff's president, to Borromeo, saying that he, the defendant, was contemplating a partnership with Borromeo in the B & M Company and that the latter would handle sales. Subsequently, the defendant wrote to the plaintiff referring to "my partner." Again, some weeks later, the plaintiff received a letter, on stationery of the B & M Company and signed by Borromeo, in which Borromeo ordered the goods now in question, the total price of which came to $350.10.

Van Steenburgh is the sole defendant in this case. Borromeo is not named, nor is the partnership mentioned in the plaintiff's complaint or substituted complaint. So far as appears from the pleadings, the goods were sold directly to the defendant and not to any purported agent or partner. At the trial, the defendant objected to evidence of the partnership, claiming surprise and that the interjection of the partnership element was "new matter."

Plaintiff's counsel has expressed the opinion that the claim of partnership in the case came as no surprise to the defendant's attorney, because the letters in question, which are exhibits, were filed in compliance with defendant's motion for disclosure, production and inspection. Defendant's attorney, on the other hand, disputes this and represents that he did not see the letters in question, or even copies of them, until they were produced at the trial. We have examined the file and read the transcript in an effort to ascertain whether or not these letters were in fact filed. As a result of this examination, we cannot resolve this factual situation one

way or the other. We feel, therefore, that in fairness to the defendant we should proceed on the basis that the letters were not brought into the case until the time of trial.

Error is assigned in that the complaint alleges a sale to the defendant, whereas the finding reveals a sale to a claimed partner of the defendant. "[T]here is a partnership between two or more persons whenever such a relation exists between them that each is as to all the others . . . both principal and agent." *Morgan* v. *Farrel,* 58 Conn. 413, 422; *Hotchkiss* v. *DeVita,* 103 Conn. 436, 445. "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. Thus an act or promise by a principal, other than a corporation, if in fact proceeding from an agent known to the pleader, should be so stated . . . ." Practice Book § 114.

"Every variance between allegation and proof is not fatal, yet if the difference is one of substance and the proof results in destroying the identity of the contract set up in the pleading, the action must fail. The strictness and refinements of the old practice have been greatly modified by our more liberal procedure in the interests of justice. . . . However, it remains true that the plaintiff's allegations are the measure of his right of recovery. . . . Contracts, especially, should be proved as alleged in every essential particular, for while they may be stated according to their legal effect, the pleading should be such as to fairly apprise the adverse party of the state of facts which it is intended to prove." *Mazziotti* v. *DiMartino,* 103 Conn. 491, 496.

Since the partnership status is inherently one of agency, compliance with § 114 of the Practice Book, wherein it directs that the acts of an agent should

be pleaded, required that the complaint set forth the partnership as an element in plaintiff's theory of recovery. To allow the complaint to remain silent on a matter of such substance does not fairly apprise the defendant of the state of facts claimed at the trial. We therefore conclude that the testimony objected to should not have been admitted and that the variance was one of substance. In such a case a new trial should be granted. *Kellogg* v. *Denslow,* 14 Conn. 411, 425.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MISSAL and WILLIAMS, Js., concurred.