[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (No. 110) AND OBJECTION (No. 113)
On March 27, 1990, the plaintiff, Galer Mechanical, Inc., filed a complaint against the defendants, Robert A. and Patricia P. Hastings, to foreclose on a mechanic's lien. The plaintiff alleges that it furnished materials reasonably valued at $11,000.00, pursuant to an agreement with the general contractor, Tom Fitzpatrick d/b/a Fitzpatrick Construction. The plaintiff also alleges that it notified the defendants of its intent to foreclose on the lien and included a certified copy of the lis pendens.
On May 11, 1990, the plaintiff moved to cite in Stelco Industries as an additional party defendant and filed an amended complaint alleging that Stelco's lien in the property was subsequent in right to the plaintiff's. The plaintiff filed a second amended complaint on May 18. The court, Jones, J., ordered the plaintiff to summon Stelco as a codefendant on July 10, 1990.
On October 23, 1990, the plaintiff filed a revised complaint which described the subject property and included copies of the agreement between the plaintiff and Fitzpatrick Construction (exhibit A), notice to the defendants (exhibit B), and the mechanic's lien (exhibit C).
On October 29, 1990, the Hastings filed a motion to strike the revised complaint arguing that the plaintiff failed to state a claim for relief and to join an indispensable party. CT Page 2064 The Hastings argue that the complaint is deficient for not alleging that the defendants failed to tender all sums owed. They also argue that the general contractor is an indispensable party. On November 5, 1990, the plaintiff filed an objection to the motion, arguing that the complaint does state a cause of action and that the general contractor is not a proper defendant.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); also Connecticut Practice Book 152 (rev'd. to 1978, as updated to October 1, 1990). The motion must rely on the facts alleged in the pleading, State v. Bashura, 37 Conn. Sup. 745, 748
(1981); and the court will not grant a speaking motion. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-183 (1979). The allegations are entitled to the same favorable construction a trier of fact would give when admitting them to evidence. Mingachos, 196 Conn. at 108-109.
A. CLAIM FOR RELIEF
The plaintiff has stated a claim on which relief can be granted. Although the plaintiff indeed neglected to state that the Hastings failed to tender all sums due and owing, it did attach a copy of the notice and mechanic's lien against the Hastings' property. See exhibits B and C. Practice Book 141 states: "Where the plaintiff desires to make a copy of any document a part of his complaint, he may, without reciting it or annexing it, refer to it as exhibit A, B, C, etc., as fully as if he had set it out at length." By annexing the lien and notice, although not required to do so, the plaintiff incorporated them as part of the complaint.
The mechanic's lien is governed by Connecticut General Statutes 49-33, et seq. Section 49-35 creates the right to claim such a lien in any general contractor "or a subcontractor whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract. . . ." Persons are entitled to claim liens after providing materials or services to improve land "(1) by virtue of an agreement with or the consent of some person having authority from or rightfully acting for such owner in procurring labor or materials." Hall v. Peacock Fixture Electric Co.,193 Conn. 290, 293 (1984). The complaint indicates the plaintiff was so entitled under the applicable law.
Because the purpose of a mechanic's lien is to secure payment for services or materials rendered, the court may infer that the plaintiff in the present case sought the lien for amounts due and owing. See Mingachos, 196 Conn. at 108-109 (re: CT Page 2065 favorable construction of allegations).
B. GENERAL CONTRACTOR NOT INDISPENSABLE
Connecticut General Statutes 49-33 (f) says a subcontractor's rights are subrogated to those through whom he claims his lien.
 (f) Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person subject to the provisions of sections 49-34, 49-35 and 49-36, provided the total of such lien or liens shall not attach to any building or its appurtenances, or to the land on which the same stands or to any lot or to any plot of land, to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36, made by the owner before receiving notice of such lien or liens.
"The subcontractors, even though they are second tier . . . are prima facie within the ambit of the mechanic's lien law. It is not necessary to their lien status that they have any direct contractual relationship either with the owner or the general contractor. . . ." Seaman v. Climate Control Corp.,181 Conn. 592, 596 (1980).
Mechanic's liens may be foreclosed in the same manner as ordinary mortgages. Connecticut General Statutes 49-33 (h). As in any typical foreclosure, the mechanic's lienor takes precedence over junior encumbrancers. (Connecticut General Statutes 49-33 (d).
The subcontractor is required to name the general contractor as a party to the action when the latter's encumbrance on the subject property is placed in issue." Upon proper pleading, in an action to foreclose a lien of a CT Page 2066 subcontractor, the amount due the original contractor is a material issue." Pierce, Butler Pierce Mfg. Corp. v. Enders,118 Conn. 610, 614 (1934); also Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 198 (1978) ("the general contractor should be made a party to an action for foreclosure of a subcontractor's liens in cases where the amount due the general contractor is a material issue.")
The plaintiff in the instant case has not put in issue the amount, if any, owed to the general contractor. In the revised complaint, paragraphs three and four, the plaintiff describes only how it furnished materials pursuant to an agreement with the contractor. The plaintiff has not listed the contractor among the junior encumbrancers identified in paragraphs eight and nine.
The courts have characterized parties "as `indispensable' when they `not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.'" (Citations omitted.) Sturman v. Sacha, 191 Conn. 1,6 (1983). Unless the amount owed the contractor is in issue, he cannot be considered an indispensable party.
For the foregoing reasons, the motion to strike is denied.
E. EUGENE SPEAR, JUDGE.