## ALFRED HOPKINS *vs*. ISAAC FORRESTER AND OTHERS.

The Statute (Gen. Statutes, tit. 38, sec. 2) with regard to mechanics' liens on buildings requires that the certificate of lien shall state the amount of the debt as nearly "as the same can be ascertained." A mechanic's account was $1162, for which he took notes payable in three, four and five months, including interest and amounting to $1187, and this amount, acting in good faith and intending to comply with the statute, he stated in his certificate as the amount due him. Held that the lien was not invalidated by the inaccuracy of the statement. The mere giving of a promissory note on time for a mechanic's claim does not discharge the debt or affect his lien.

BILL OF FORECLOSURE of a mechanic's lien; brought to the Superior Court in the county of Fairfield. Facts found by a committee, decree for petitioner, and motion in error by certain of the respondents who were later encumbrancers. The case is sufficiently stated in the opinion.

*G. H. Hollister* and *Thompson* for the plaintiffs in error, cited *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn., 461, 474; *Bank of Charleston* v. *Curtiss*, 18 id., 349; *Underwood* v. *Walcott*, 3 Allen, 464; *Truesdell* v. *Gray*, 13 Gray, 311; 3 Parsons on Contracts, 276.

*Sturges*, for the defendant in error, cited *Peters* v. *Goodrich*, 3 Conn., 150; *Booth* v. *Barnum*, 9 id., 286; *Bank of Charleston* v. *Curtiss*, 18 Conn., 349; *Goodman* v. *White*, 26 id., 317.

SEYMOUR, J. The plaintiff brings his bill to foreclose a mechanic's lien, the validity of which is contested in the first place upon the ground that the plaintiff's debt is not truly stated in his certificate of lien.

In that certificate a lien is claimed for the amount of $1187.-59 and the plaintiff in pursuance of the requirements of the statute filed his affidavit, therein stating that sum as the amount justly due to him.

From the report of the committee to whom the case was referred it appears that the plaintiff's services, on account of which the lien is claimed, were completed January 27th, 1870, and that the balance then due as appeared by his books was only $1162.44.

The certificate of lien was filed March 3d, 1870, before which time the debtor had agreed to execute to the plaintiff notes to the amount of $1187.59, payable in three, four, and five months, in which amount was included interest to the maturity of the notes, $25.15, part of which interest had then accrued, but most of which was computed in advance, being thereafter to accrue. These notes were drawn and prepared March 3d, when the certificate of lien was filed, but not actu

ally signed until the next day, March 4th, on which day they bear date.

It thus appears that the precise sum due to the plaintiff on the 3d of March is misstated, for at that time $1187.59 had not become due. The true amount justly due was $1187.59, less interest to the maturity of the notes. In stating the amount of his debt the plaintiff had taken the face of the notes as the amount, instead of taking, as he strictly ought to have done, the then present value of the notes.

The defendants argue that the statute requires the amount of the debt to be stated as near as the same can be ascertained, and that here the amount is clearly misstated, for interest not then accrued was clearly then no part of the debt, and it must be conceded that the certificate is not in strict compliance with the statute. A majority of the court however think that the statute is substantially complied with.

In the first place the defendants, who are subsequent incumbrancers, do not and cannot complain that they have been misled to their injury by the discrepancy. The whole effect of it upon them is that they find the plaintiff's lien to be some $25 less than they were led by the record to think it was.

In the second place, it is obvious from the nature of the case that the misstatement was by mere inadvertence. It is impossible to impute any fraudulent design to the plaintiff. The true amount of his debt would always be apparent upon the notes themselves, and it was perfectly natural that in describing his debt he should take the face of the notes as its true amount. He justly claimed a lien to secure payment of the notes, and the notes had then become the representatives of his debt, and in common language, though not strictly accurate, the debtor might be said to owe the sum which by his notes he had promised to pay at a future day.

The cases cited from Massachusetts show that the courts of that state gave a construction to their statute requiring that the statement of the amount due should be exact and literally true, but in 1855 the legislature of that state interposed and enacted that no inaccuracy in the statement of the amount due should invalidate the proceedings, unless it

appeared that more than was due was wilfully and knowingly claimed.

Our courts, without the aid of any special statute provision, have adopted a construction which, while it gives no countenance to fraudulent certificates, yet gives effect to a lien otherwise valid, where the debt is *bonâ fide* stated with substantial accuracy and where the discrepancy is not such as to mislead or injure the debtor himself or subsequent incumbrancers. In the case of *Bank of Charleston* v. *Curtiss*, 18 Conn. R., 349, the plaintiff had included in his claim of lien a charge for building a fence. The court decided that for services embraced in that charge no lien was given by the statute, but there being no evidence of fraudulent design and it being apparent that the claim was made *bonâ fide* under a mistake of law, the court held that the lien as to other items of the plaintiff's account was not rendered invalid by a mistaken statement of the amount of the debt.

In that case it is conceded that the debt was not correctly set forth, but the plaintiff intended to state it correctly, and by an honest mistake in his construction of the statute he overstated it. We think the case under consideration falls within the same principles which governed the court in that case, and we are disposed to rest our decision on its authority. Some of us doubt whether the petitioner can fairly be said to have set forth his debt with substantial accuracy, but even if that doubt be well founded, yet the petitioner intended to conform to the statute, and actually did conform to what he understood the law to be. He merely made an innocent mistake by which no one appears to have been misled or injured.

The defendants further claim that the plaintiff's lien, if it ever existed, was lost by his taking the debtor's notes payable at a future day.

The statute subjects the property to a lien " for the payment of the plaintiff's debt." The lien therefore remains until the *debt* is *paid*, or until it is satisfied or discharged or extinguished. The mere giving of promissory notes by the debtor is no payment. Such notes are evidence of debt and are securities for its payment, but surely a promise to pay, whether

writing, is not in itself payment. If indeed the
expressly agreed to receive the notes in satisfaction
discharge of his lien he ought to be held to his agree-
ment, but no such contract appears, express or implied, ver-
bal or written. The written receipt merely acknowledges the
fact of the receipt of the note. In certain cases where pos-
session is essential to a lien, the giving of time being incon-
sistent with the retention of possession is inconsistent with a
continued lien, but these cases have no application to the case
now under advisement.

We think there is no error in the judgment complained of.

In this opinion the other judges concurred.