## LA FOREST A. SHATTUCK AND WIFE vs. AARON S. BEARDS-
## LEY AND OTHERS.

By statute (Gen. Statutes, tit. 18, ch. 7, sec. 10,) it is necessary to the validity of a lien for materials furnished in the erection of a building by any person other than the original contractor, that written notice of the claim of lien be given to the owner within sixty days after the commencement of the furnishing of the materials, and that a certificate of the lien be filed with the town clerk within sixty days after its completion. Held that where the delivery was completed within sixty days after it was commenced, the notice could be given to the owner and the certificate filed with the town clerk at the same time, and that it made no difference if the certificate was filed before the notice was given.

The party furnishing the materials was the firm of B, W & Co., consisting of B, W and E. The certificate ran as follows: "We, B, W and E, copartners under the name of B, E & Co.," but was signed by the true name of the firm. Held that the lien was not invalidated by the error.

The lienors filed a lien upon a city lot, running two hundred feet from street to street with a frontage of sixty-five feet on each street. Two buildings were erected on each front and the materials were furnished for one of the buildings. On discovering that they had embraced too much land in their claim they put upon the land records a release of claim upon all the land not covered by or appurtenant to the building for which the materials were furnished, but this release was not sealed, witnessed or acknowledged. Upon a petition of the owner of the building for the removal of the cloud upon his title, it not appearing that the lienors intended to deceive, nor that the owner had been misled or injured, nor that the rights of any other parties were affected, and the proceeding being one of equity between the parties, it was held that the lien was valid.

BILL IN EQUITY for the removal of a cloud from a title; brought to the Court of Common Pleas of Fairfield County, and tried before *Hall, J.* Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*I. M. Bullock,* for the petitioners.

*C. Thompson,* for the respondents.

PARDEE, J. The petitioners ask for the removal from their title to a piece of land of a cloud arising from a recorded lien; and the respondents by cross-bill ask for the foreclosure of the same. The case is reserved for our advice by the Court of Common Pleas for Fairfield County.

The respondents as sub-contractors by parol began on December 12th, 1876, to furnish materials for a building upon the petitioners' land; on February 10th, 1877, they filed in the office of the town clerk a certificate of lien; afterwards, upon the same day, they duly notified the petitioners of their intention to claim the lien. The statute bars them from it unless they gave notice to the owner of their intention to claim it within sixty days from the time when they began to furnish the materials.

The petitioners insist that the lien is invalid for the reason that the statutory order of giving notice and filing the certificate was reversed.

Obviously the statute is framed upon the presumption that the material-man will not complete his undertaking or be able to state his claim fully and finally within sixty days; therefore he is permitted within that time to give a notice by way of warning—a notice quite indefinite as to amount; then, within as many days after the completion he is required to file a certificate stating the amount of his claim to his best knowledge. It so happened in the present case that the lienors were able to and did file their final certificate as well as give the preliminary notice within sixty days from the commencement. The petitioners received both within statutory time. That they received a full, precise and final statement before they were entitled to it, and before the general and indefinite warning, is no ground for setting both aside. Full and timely notice being given the statute is satisfied.

The lien is upon a lot sixty-five by two hundred feet, in the city of Bridgeport extending from street to street; the deed thereof to the petitioners describes it as one piece; the certificate of lien does the same. Upon one front were two houses; upon the other two buildings, upon one of which the materials were used. The respondents supposed the lot to be open from street to street; they were ignorant of the fact that a fence had been replaced dividing it nearly in the middle, and barring passage across. In September, 1877, after the commencement of these proceedings, they put upon the land records a release of claim of lien upon that portion of the lot

not under and immediately adjacent to the building upon which their materials were used; the release was not sealed, witnessed nor acknowledged.

The petitioners urge that the certificate is invalid for the reason that it included too much land.

But this proceeding is an adjustment of equities between the parties; it does not appear that the respondents intended to injure or deceive the petitioners or any one else by the inclusion of the entire lot; nor that the petitioners have been injured or misled; nor that the rights of any other person have been affected. The release was sufficiently formal to bar the respondents from any claim thereafter to any part of the land except that under and adjacent to the building. The error, if it be one, is not such as should invalidate the lien.

A. T. Beardsley, W. H. Wilson and W. H. Edwards are respondents; they transacted business under the name of Beardsley, Wilson & Co. The first sentence of their certificate is as follows:—" This is to certify, we A. T. Beardsley, W. H. Wilson and W. H. Edwards, copartners under the firm name of Beardsley, Edwards & Co."; it is signed " Beardsley, Wilson & Co." ' The misdescription of the firm name in the above sentence was the mistake of the scrivener; and the petitioners insist that it destroys the lien.

But the certificate correctly specifies the individuals who have furnished the materials, and it is signed by them in their proper partnership name. As it does not appear that the mistake misled or prejudiced the petitioners or any one else it should not work the destruction of the lien.

We advise the Court of Common Pleas to dismiss the bill, and to grant the prayer of the cross-bill asking for a foreclosure of lien upon land bounded west upon Main street, about thirty-six feet, and south on land of Mrs. J. Shelton, about eighty-six feet.

In this opinion the other judges concurred.