.LIONEL C. SIMPSON PLUMBING AND HEATING COMPANY

*v.*

EDWARD GESCHKE.

[Submitted February 5th, 1909.  Decided February 21st, 1909.]·

1. A letter written by complainant to defendant, containing a memorandum of an oral contract between the parties, which was not adopted by the parties as their contract, will not be reformed by correcting an error therein made in dictating the letter to a stenographer, and·its use as evidence restrained in an action on the contract until reformed.

2. A written instrument cannot take the place of and supersede a parol contract, until the writing has been mutually adopted by the parties as an instrument embodying the terms of the agreement.

On bill for injunction.  On motion to dismiss.

The bill avers that complainant agreed to supply the labor and material for certain plumbing in nine houses for defendant at the price of $265 per house, and entered upon the work pursuant to the agreement; that thereafter defendant asked complainant to furnish him with a written memorandum of the contract price for the purpose of enabling defendant to file it with his papers; that complainant accordingly supplied the memorandum in the form of a letter and through error in dictation to a stenographer stated $165 per house as the price for the work, which amount is less than the actual cost of the work; that the error was not discovered by complainant until after the work was completed and settled for by defendant at the lower rate; that failing thereafter to induce defendant to pay the correct amount complainant brought suit at law for the balance due; that the suit at law is being defended and defendant proposes to use the letter referred to by way of defence to the pending legal action.  The bill seeks a reformation of the letter and an injunction against its use in its present form as a defence to the action at law.

Defendant moves against the bill for want of equity.

*Mr. Ralph W. E. Donges,* for the motion.

*Mr. Howard L. Miller,* opposed.

LEAMING, V. C.

It seems clear that under the averments of the bill no relief can now be granted of the nature sought.

The contract between the parties, under which the work was performed, was a parol contract. The letter, reformation of which is sought, formed no part of any contract between the parties, but was a letter written by complainant, at the request of defendant, after the contract between the parties was complete and work under the contract was in progress, to enable defendant to file it among his papers as a written memorandum of the contract already entered into. The bill does not aver that the letter in question was ever adopted by defendant, through mistake or otherwise, as the contract between the parties. Before a letter or other written instrument can be properly treated as a contract between the parties which will be effective to take the place of and supersede a parol contract, it should at least appear that the writing has been mutually adopted by the parties as an instrument embodying the terms of the agreement. The letter, according to the averments of the bill, is but an erroneous expression of complainant's recollection of the terms of the parol agreement. Under the facts stated in the bill the letter can only be utilized by defendant in the law court as evidence tending to corroborate defendant's claim of the terms of the parol contract. Under such circumstances I am unable to discern any disability of the law court which will prevent as full and adequate an inquiry into the facts to ascertain the exact terms of the parol agreement as can be afforded in this court.

If, on the other hand, the bill averred that the letter in question was a written instrument which had been mutually determined upon or adopted by the respective parties as embodying the substance of their agreement, and that through mutual mistake or through mistake upon the part of complainant and fraud or inequitable conduct upon the part of defendant the written instrument erroneously stated the terms of the agreement actually

made, the intervention of this court for reformation of the instrument would seem appropriate.

I am obliged to advise an order allowing the motion of defendant.