## THE MIDDLETOWN TRUST CO.
### vs.
## ANGELO CAIAZZA, ET ALS.

Superior Court     Middlesex County     File #6585

Present: Hon. ERNEST A. INGLIS, Judge.

T. C. Flood,             Attorney for the Plaintiff.

Morris M. Wilder,
A. J. Palmer,
Carlos Ellis,            Attorneys for the Defendants.

## MEMORANDUM FILED JANUARY 21, 1936.

INGLIS, J. This demurrer is directed to a cross-complaint which prays a reformation of a judgment lien by inserting therein a reference to an attachment of the property described made in the action in which the judgment upon which the lien is predicated was rendered. The statute **(Sec. 5120, Gen. St., Rev. 1930)** which authorizes judgment liens provides in substance that the lien shall hold from the date of the attachment if such judgment lien shall contain a clause referring to and identifying such attachment. The allegation of the cross-complaint is that such a clause was omitted from the judgment lien in question "through a typographical error and omission."

Ordinarily the equitable remedy of reformation is applied to documents which evidence agreements and because of mistakes or fraud do not correctly express the agreement actually arrived at between the parties. The only sort of instruments other than those expressing contracts or made in pursuance of contracts to which the remedy seems to have been applied is deeds of gift. Deeds of gift have been reformed to make them express the actual intention of the donor but only in favor of the donor and not in favor of the donee. **23 R.C.L. 310 (Reformation of Instruments, Sec. 3).**

Lionel O. Simpson Plumbing Co. vs. Geschke, 75 N. J. Eq. 394, 72 Atl. 90.

It would therefore seem justifiable to lay down as a broad proposition that no person is entitled to evoke the remedy of reformation in such a way as to give him more than the instrument in question gives him unless he has a valid contract, under which he has given a consideration, which contract entitles him to that which he will get by reformation of the instrument.

If that is a correct statement of the general principle it is apparent that a judgment lien is not such an instrument as is susceptible of reformation at least upon the prayer of the judgment creditor who has made the lien. A judgment lien is not a contract nor does it set forth an agreement. It, like an execution, is a document by which the judgment creditor seeks to take something by force of law. By it, its maker gives up nothing. He gets a lien on real estate and that is all there is to it. If, therefore, by his own error, he fails to get as much as he intended to get, there is no equity in his favor which demands a reformation of the lien. He has paid nothing for the lien and it is equitable that he should rest right where the lien which he has executed leaves him.

There is, moreover, another principle well established in equity with reference to reformation of instruments. That is that equity will not reform an instrument which has been executed solely by virtue of a power or right created by statute.

Dickenson vs. Glenney, 27 Conn., 103, 111.
33 C.J. 916 (Reformation of Instruments, Sec. 18).
Dover vs. Bickle, 171 Ark. 683; 285 L.W. 386.

Clearly, a judgment lien comes within that category. It has no virtue except such as is given it by force of statute. Accordingly, under a judgment lien a lienor gets only such rights as he takes in accordance with the statute which authorizes it. And not included in that is any equity to have the lien reformed so that he will get more than the lien in the form in which it is drawn and executed gives him.

For the foregoing reasons, the demurrer to the cross-complaint of the defendant D'Orio, Administrator, against the defendant Loewenthal, Trustee, is sustained.