CITY IRON WORKS, INC. *v.* FRANK BADSTUEBNER
POST NO. 2090, ETC., ET AL.

SUPERIOR COURT        TOLLAND COUNTY        FILE NO. 8055

Memorandum filed November 22, 1960

*Hyman & Hyman,* of Hartford, for the plaintiff.

*Pigeon, Gnutti, Kahan & Shannon,* of Rockville, for the named defendant.

*Harry Hammer,* of Rockville, for defendants Carlton Newbury, Robert Newbury and Stanley T. Lambert.

COTTER, J.   Plaintiff seeks to foreclose a mechanic's lien, at the same time asking to reform the description therein.   The defendants Newbury and the defendant Lambert demur to the prayer for relief asking such reformation because the plaintiff has not alleged mutual mistake or a unilateral mistake coupled with fraud or inequitable conduct.

The lien was filed and recorded March 20, 1958. On May 13, 1959, deeds were recorded "to correct the description" of the property owned by the named defendant.   Thereafter, on March 10, 1960, the plaintiff filed an amendment to the mechanic's lien to correct the description therein to include a larger piece of real estate.

Reformation is legally impossible unless there is mutual mistake or unilateral mistake coupled with fraud or inequitable conduct. *Rodie* v. *National Surety Corporation,* 143 Conn. 66, 69. The allegations must make out a case for the equitable remedy asked, and if mistake is relied on, it must be precisely and distinctly charged; 45 Am. Jur. 644, §§ 98–102; this the present pleadings fail to do.

This action is founded upon a statutory lien. General Statutes §§ 49-33, 49-34. "Ordinarily the equitable remedy of reformation is applied to documents which evidence agreements and because of mistakes or fraud do not correctly express the agreement actually arrived at between the parties." *Middletown Trust Co.* v. *Caiazza,* 3 Conn. Sup. 249. A mechanic's lien is of course not an agreement or contract between parties but rather a lien upon real estate which the plaintiff seeks to take by force of law and eventually to foreclose.

For the foregoing reasons, the court will sustain the demurrer and distinguishes the situation here from that detailed in a different line of decisions. For instance, an inaccuracy in describing a party will not invalidate the lien, since technical nicety in the statement of details is not required and the statute is to be so construed and applied as to reasonably and fairly carry out its remedial intent. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 615; see *Swaye* v. *Sylvan Construction Co.,* 7 Conn. Sup. 456. Likewise, where a claim of a lien upon too great a quantity of land was made, it was held that the lien was not vitiated and that since the misdescription was not intentionally false, fraudulent, or grossly inaccurate, it could be supported as to two-thirds of the lot. *Tramonte* v. *Wilens,* 89 Conn. 520. Nor will an honest mistake as to the amount due invalidate a lien; *Ginsberg* v. *Capone,* 91 Conn. 169, 174; but the description of

the premises must be substantially accurate; *Rose* v. *Persse & Brooks Paper Works,* 29 Conn. 256, 266; *Chapin* v. *Persse & Brooks Paper Works,* 30 Conn. 461, 473; and innocent overstatements of the amounts of the claim do not cause the certificate to be void. *Kiel* v. *Carll,* 51 Conn. 440, 441; *Hopkins* v. *Forrester,* 39 Conn. 351, 354; *Bank of Charleston* v. *Curtiss,* 18 Conn. 342, 349.

It is evident that the cases usually arise in connection with the issue of the validity of the lien rather than under a prayer for reformation because of some defect in the description of the property embraced within the lien—which would serve to indicate such a prayer is not the proper remedy.

The demurrer is sustained.