**Pat FASSO, d/b/a Fasso Construction Company, Plaintiff-Appellee,**

v.

**Jack R. STRATEN and Mary Ann Straten, Defendants-Appellants.**

**No. 79CA1115.**

Colorado Court of Appeals,
Div. III.

Jan. 14, 1982.

Sonheim & Helm, Dale H. Helm, Arvada, for plaintiff-appellee.

Brook W. Banbury, Littleton, for defendants-appellants.

SMITH, Judge.

Defendants, Jack and Mary Ann Straten, appeal from a judgment rendered in favor of Pat Fasso, d/b/a Pat Fasso Construction Company, for labor and materials supplied in a home remodeling project. We affirm.

The Stratens engaged Fasso as a building contractor to perform certain remodeling and construction work on their home. The work was made the subject of a written contract and was performed and paid for. Thereafter, the parties entered into a verbal agreement for certain refinishing work. Fasso advised Stratens what he estimated the job would cost. However, the parties' agreement was to the effect that Fasso would be compensated on a time and materials basis. While construction was under way it became apparent that costs would

exceed the initial estimate. For this reason the parties met and discussed a possible solution, but at trial differed as to what was agreed. When presented with the final invoice, the Stratens refused to pay, alleging that Fasso had overcharged them, contrary to the agreement reached at the last meeting conducted by the parties.

Thereafter, Fasso commenced suit for the unpaid balance and for foreclosure of a mechanic's lien in the same amount against the Stratens' property. The court found the amount claimed by Fasso to have been substantiated by the evidence and upheld the lien.

## I.

Defendants first contend that the trial court erred in granting foreclosure of the mechanic's lien because the action was filed by a fictitious party.

Fasso is a sole proprietor doing business under the name of Pat Fasso Construction Company. However, the caption of his *lis pendens* incorrectly designated the business as a corporation. All pleadings were also incorrectly styled. When the error became apparent at trial, Fasso requested and was granted leave to amend all captions.

Defendants now contend that Fasso failed to comply with § 38–22–110, C.R.S. 1973, regarding the filing of his *lis pendens* and that the *lis pendens* is a nullity because it was filed by a fictitious entity. We do not agree.

Fasso's name appeared correctly on the statement of lien and in the body of the *lis pendens.* The designation of the proprietorship as a corporation appeared only on the caption of the *lis pendens* and was remedied by amendment. Moreover, the defendants have not shown they were prejudiced in any fashion by the erroneous caption, that is, they received notice as is the purpose of the *lis pendens. Hammersley v. District Court,* 199 Colo. 442, 610 P.2d 94 (1980). Accordingly, we hold that such an error, when remedied by amendment, is not fatal to plaintiffs' foreclosure action.

We are guided by a similar decision in *Marsh v. Coleman,* 93 N.M. 325, 600 P.2d 271 (1979). There the claim of lien designated lien claimant simply as a business rather than stating that the claimant was a partnership. The court said:

"There is no requirement under [the applicable statute] that the claim of lien contain a description of a type of entity that filed it. It is only necessary that the name of the claimant appear on the claim of lien, the courts have been liberal in upholding claims or statements in this respect. [citations omitted]. Defendants do not contend that the failure of the claim of lien to describe [the lien claimant] as a partnership prejudiced them in any way."

*See also City Ironworks, Inc. v. Frank Badstuebner Post No. 2090,* 22 Conn.Sup. 230, 167 A.2d 462 (1960). This rule applies *a fortiori* to the case at bar where the only error in designation occurred in the caption.

## II.

Defendants next contend that the trial court erred in denying their motion to compel Fasso to answer one of their written interrogatories. We do not agree. The factual matters sought to be explored by the interrogatory in question were explored at trial. Even if the trial court erred in denying the motion to compel discovery, defendants cannot demonstrate any prejudice thereby. Thus, no reversible error occurred. *McCray v. Boulder,* 165 Colo. 383, 439 P.2d 350 (1968).

## III.

Defendants' third contention of error concerns the trial court's limitation of Mrs. Straten's testimony regarding the quality of Fasso's work. The trial court sustained Fasso's objection to the testimony as being beyond the scope of the pleadings. Defendants did not thereafter make an offer of proof as to what was sought to be proven by the rejected evidence or what benefit would be obtained from its admission. We are unable to determine in what way, if any, defendants were prejudiced.

We conclude therefore that the exclusion of such evidence was not error. *Rhodig v. Cummings*, 160 Colo. 499, 418 P.2d 521 (1966); *Hildebrandt v. University of Denver*, 482 P.2d 402 (Colo.App.1971) (not selected for official publication).

## IV.

■ Defendants also complain of the admission into evidence of photocopies of invoices and time records reflecting materials and labor supplied as a violation of the best evidence rule. Photocopies constitute duplicates under Colorado Rules of Evidence 1001(4). Under Colorado Rules of Evidence 1003, duplicates are generally admissible to the same extent as an original. Here, defendants did not challenge the authenticity of the photocopies. Rather, they objected to the copies on the basis of illegibility. Because defendants were in possession of the copies for more than eight months prior to trial and knew at that time that the originals were in the hands of third parties, it was proper for the court to admit the duplicates in lieu of the originals. Colorado Rules of Evidence 1003(2).

## V.

■ Defendants next challenge the trial court's refusal to admit into evidence a written bid they had received from a competitor of Fasso. They contend that this document was offered to show the reasonable value of the work done. Defendants did not present either the person who prepared the bid, nor did they make any attempt to lay a foundation justifying admission under the business records exception to the hearsay rule. Colorado Rules of Evidence 803(6). Since the bid was offered for the truth of the matters asserted therein, the trial court could and properly did, reject it as hearsay. *Federal Lumber Co. v. Wheeler,* —— Colo. ——, 643 P.2d 31 (1981).

■ Defendants' remaining contentions of error relate to findings of fact made by the trial court. Because there is evidence in the record to support those findings, they will not be disturbed on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.