[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By two-count amended complaint filed March 7, 1990, substituted plaintiff Naugatuck Valley Minority Developers, Inc. (substituting for Bernard Cantillon d/b/a Naugatuck Valley Minority Developers, Inc.) brought an action against Giuseppe Tripodi, M.D. and Norstar Mortgage Corporation. It is alleged that Naugatuck Valley Minority Developers, Inc. (hereinafter "NVMD") and defendant Tripodi entered into a contract to perform construction and renovation work in conjunction with the construction of a garage and room on Tripodi's residence at 468 Lakeside Blvd. West, in Waterbury. Plaintiff alleges it furnished labor and material in accordance with the contract on September CT Page 3115 21, 1988 and ceased to furnish services on May 14, 1989, that it has completed its obligations and that Tripodi owes the plaintiff the balance of $83,802.68.
Plaintiff recorded a Certificate of Mechanic's Lien on June 6, 1989 in the amount of $83,802.68. A corrected Certificate of Mechanic's Lien was recorded on February 23, 1990 listing NMVD rather than Bernard Cantillon as contractor.
Following service upon Tripodi of the mechanic's lien and corrected mechanic's lien, it is alleged that no sums have been paid and the amount stated is still due and owing.
Plaintiff's second count realleges facts alleged in the first count and seeks recovery in equity, on a theory of unjust enrichment, for the unpaid services and materials bestowed upon the defendant Tripodi.
NWMD seeks strict foreclosure on the mechanic's lien, possession of the premises, a deficiency judgment and money damages, among others, as forms of relief.
Tripodi has answered the complaint and filed a four-count counterclaim, alleging breach of contract, intentional misrepresentation, and violation of Connecticut General Statutes Section 42-1106, et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"). The essence of Tripodi's counterclaim is that Cantillon failed to perform the promised services in a workmanlike manner, that he failed to possess the requisite building permits and licenses for the work promised in contradiction to his representations to Tripodi, and that he misrepresented to Tripodi that the Waterbury Building Inspector had been on the premises and had approved the ongoing work performed by Cantillon when in fact he had never visited the site.
Defendant Tripodi moves for summary judgment in his favor on the plaintiff's complaint as well as on his counterclaim. Tripodi argues that; (1) NVMD's filing of a "corrected mechanic's lien" does not relate back to the original timely mechanics lien lodged by Cantillon and is therefore barred by the applicable statute of limitations, (2) the subject contract is unenforceable because it fails to comply with the Home Improvement Act; (3) Barrett Builders v. Miller, 215 Conn. 316 (1990) bars plaintiff's recovery on quasi-contractual grounds; (4) Tripodi is entitled to summary judgment on his counterclaim based upon plaintiff's admitted construction deficiencies, and (5) plaintiff's violation of the Home Improvement Act constitutes a per se violation of CUTPA.
Memoranda of law in support and opposition to the motion have been filed by the respective parties along with supporting CT Page 3116 documentation.
 "Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Sections 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978).n Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984)." The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
I. Summary Judgment As To Plaintiff's Substituted Complaint
A. Mechanics Lien Issue
Defendant Tripodi's first argument addresses the validity of substituted plaintiff NVMD's mechanic's lien which MVMD seeks to foreclose. Defendant argues that while Practice Book Section 101 allows for one party to substitute itself as a plaintiff for another party, no similar privilege is available for substitution of lienors. Therefore, argues Tripodi, NVMD is barred from foreclosing its lien because it was filed well after the 90-day period prescribed by Connecticut General Statutes Section 49-34
had lapsed. CT Page 3117
Plaintiff counters that mechanic's lien law in Connecticut is subject to generous construction so as to fulfil its purpose as security for contractor's labor and materials. Connecticut courts "have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics' liens in order to achieve the remedial purposes of the mechanics' lien statutes." J.C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511,514 (1989). "[O]ur courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed." Id. at 515.
In the present matter, the original mechanics lien identified "Bernard Cantillon d/b/a Naugatuck Valley Minority Developers, Inc." as the lienor rather than simply "Naugatuck Valley Minority Developers, Inc." as it should have read. Plaintiff sought to rectify this mistake by filing a "corrected" certificate of mechanics lien after the 90-day period provided by Section 49-34
had lapsed.
"[A]n inaccuracy in describing a party will not invalidate the lien, since the technical nicety in the statement of details is not required and the statute is to be so construed and applied to carry out its remedial intent. Pierce, Butler S. Pierce Mfg. Corporation v. Enders, 118 Conn. 610, 615 [1934]." City Iron Works, Inc. v. Frank Badsteubner Post No. 2090, 22 Conn. Sup. 230,231 (Super.Ct. 1960); see, Shattuck v. Beardsley, 46 Conn. 386
(1878).
For the foregoing reason, Tripodi's assertion that NVMD's claim is barred by the statute of limitations is without merit.
B. Home Improvement Act
Tripodi argues that the subject contract is unenforceable because it fails to comply with the Home Improvement Act, Connecticut General Statutes Section 20-418, et seq. in at least two respects: (1) While NVMD does possess a certificate of registration as a home improvement contractor, Cantillon does not. Tripodi argues that Cantillon's failure to possess certification personally violates Section 20-420, and (2) the written contract between the parties did not contain the entire agreement between them, nor did it provide the three-day right of recision period prescribed by the Home Solicitation Sales Act as required under Section 20-429(a).
Without addressing defendant's first argument, the contract in question (exhibit A) is defective in the respects identified by Tripodi. Section 20-429 (a) states: CT Page 3118
 (a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor. Each change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor.
Connecticut General Statutes Section 20-429 (a) (rev'd to 1989).
The contract states that the work was to be performed for a sum of $41,500. In his amended complaint, plaintiff claims a balance due and owing on the contract in the amount of $83,802.68. Plaintiff NVMD admits (R.A. 7) to having been paid the sum of $93,000.00 for services rendered at the defendant's premises. Plaintiff further admits that no written change orders were ever created pursuant to the provision requiring changes to be in writing (R.A. 52, 53) found in the contract and in Section 20-429 (a)(8) where it states; [e]ach change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor." Id.
The written contract did not contain the entire agreement between the parties and subsequent agreements to change the terms of the original contract failed to be reduced to written form. The contract is devoid of a notice of the owner's cancellation rights as required by Section 20-429(a)(6). Finally, Section 20-429 (a)(8) requires that the home improvement contract be entered into by a registered salesman or contractor. Id. The contract is signed by Bernard Cantillon. Cantillon admits in response to request for admission number 35 that he does not have a Home Improvement License.
In Barrett Builders v. Miller, 215 Conn. 316 (1990), it was determined that, absent bad faith on the part of the homeowner, Section 20-429 permits no recovery by a contractor who has failed to comply with the statute's written contract requirement. Id. at 323. Plaintiff, in his memorandum in opposition to the motion for summary judgment and attached affidavit, seeks to place this case within the bad faith exception enunciated in Barrett. The affidavit by Cantillon, in pertinent part, states in paragraph six that "I am of the reasonable opinion, based upon the conduct of CT Page 3119 Guiseppe Tripodi, M.D., that the failure and refusal of Guiseppe Tripodi, M.D. to pay the monies due Naugatuck Valley Minority Developers, Inc. were products of bad faith on the part of Guiseppe Tripodi, M.D."
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell, 214 Conn. 242, 246 (1990).
 "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., [190 Conn. 8, 11-12, 459 A.2d 115 (1983)]; Farrell v. Farrell, 182 Conn. 34, 38, 438 A.2d 415 (1980); Rusco Industries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5, 357 A.2d 484 (1975). It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact. . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book Section 380.' Bartha v. Waterbury House Wrecking Co., supra, 12." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book Sections 380 and 381, which contradict those stated in the movant's affidavits and documents. Farrell v. Farrell supra, 39-40.
State v. Goggin, 208 Conn. 606, 616-17 (1988).
Plaintiff, by merely offering his opinion that Tripodi acted in bad faith, has failed to oppose the issue so as to require this court to deny defendant Tripodi's motion for summary judgment on plaintiff's amended complaint. Therefore defendant's motion for summary judgment is, in light of the holding in Barrett Builders v. Miller, 215 Conn. 316 (1990), granted.
C. Tripodi's Motion for Summary Judgment on His Counterclaim
Tripodi's four-count counterclaim sounds in breach of CT Page 3120 contract, intentional misrepresentation, and violation of the Connecticut Unfair Trade Practices Act. Defendant relies upon Cantillon's responses to his requests for admissions to support his motion.
Any matter admitted pursuant to a request for admission is conclusively established. Connecticut Practice Book Section 240 (rev'd to 1989). Written admissions provide appropriate documentary support for a motion for summary judgment. Orenstein v. Old Buckingham Corp, 205 Conn. 572, 574 (1989): Connecticut Practice Book Section 380 (rev'd to 1989).
The first count of defendant's counterclaim alleges that the defendant/counterclaim plaintiff Tripodi and plaintiff/counterclaim defendant Cantillon d/b/a NVMD contracted for the remodeling of Tripodi's personal residence for the agreed sum of $41,500.00, that Cantillon undertook the remodeling process and to date has been paid the sum of $93,000.00. Tripodi then provides a list of thirty-two separate instances where Cantillon failed to perform the promised services in a workmanlike manner. These alleged insufficient and unworkmanlike practices form the basis of Tripodi's breach of contract claim.
The granting of summary judgment requires the movant to show that there is no genuine issue as to any material fact. Connecticut Practice Book Section 380 (emphasis added). Included in Tripodi's first count are allegations that Cantillon: (1) installed the garage door improperly, causing it to hang crookedly (para. 4(d)); (2) installed steps of non-uniform size on a staircase in the dwelling (para. 4(1)); and (3) he failed to pump and remove the existing septic system on the premises, as promised (para. 4 (ff)). Each of these allegations, among others found in count one, have been denied by Cantillon in his compliance with Tripodi's requests for admission (R.A. #'s 16, 17, 28, 47). While it is evident that Cantillon/NVMD has admitted to some of the irregularities alleged in the first count of Tripodi's counterclaim, numerous questions of material fact remain as to count one, not the least of which is determining whether the work allegedly performed was within the scope of the contract executed between the parties.
The second count of Tripodi's counterclaim alleges various intentional misrepresentations made by Cantillon. Tripodi alleges such claims were known by Cantillon to be false, were made knowingly and intentionally, and were designed to induce Tripodi's reliance thereon.
As to the second count, Tripodi's motion is devoid of evidence in support of summary judgment and must therefore fail. CT Page 3121
The third count alleges further intentional misrepresentations by Cantillon concerning the activities of the Waterbury Building Inspector. Tripodi alleges that Cantillon had intentionally misrepresented to him that the Waterbury Building Inspector had been on the premises and had approved the ongoing work performed by Cantillon.
As in count two, Tripodi has failed to supply the requisite evidence necessary to support a motion for summary judgment as to the third count. Furthermore, the allegations found in count three are the subject of denials for requests for admissions number 49, 50, 54 and 55 (Exhibit B).
Count four realleges and reincorporates the acts found in counts two and three and claims that such acts constitute violations of CUTPA. Considering the infirmities to a motion for summary judgment found in those counts, the motion as to count four must also fail.
So ordered.
LANGENBACH, J.