[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The plaintiff, Design Professionals, Inc., an engineering and surveying firm, instituted the present action to foreclose a mechanic's lien placed upon the property owned and possessed by the defendant, Eugene Sammartino, Trustee. The defendant filed a motion for summary judgment asserting three grounds for its motion: that the certificate of lien was not filed, recorded and served in a timely manner, that the services rendered by the plaintiff do not come within the scope of services provided for in General Statutes CT Page 182849-33, and that the mechanic's lien was not properly served on the defendant-owner of the property. Pursuant to Practice Book 204 and 308, both parties have filed memoranda of law and have submitted supporting affidavits.
In May 1987, Eugene Sammartino, individually, hired the plaintiff to perform engineering services in connection with a parcel of land owned by Eugene Sammartino, Trustee and situated on a regulated wetland in the Town of Andover. The agreement was for the plaintiff to do design and engineering work related to obtaining permits to develop the parcel as a shopping center. The plaintiff performed a variety of services in this regard, including drafting site plans computational analyses and attending Zoning Board and Inland Wetlands Commission meetings. On at least one occasion test pits were dug on the parcel under the supervision of the plaintiff. The plaintiff's last day of work for Sammartino is in dispute, with the plaintiff claiming February 1990 and the defendant claiming November 13, 1989 as the last day of plaintiff's services and January 18, 1990 as his last contact with the plaintiff. No construction has occurred on the parcel as a result of the plaintiff's work.
On a motion for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Johnson v. Meehan, 225 Conn. 528,534-35, 626 A.2d 244 (1993). "[I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal question marks omitted.) Id., 535. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issue exists." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
 I
Are the engineering services rendered by the plaintiff within the scope of services which are lienable under General Statutes49-33?
49-33 provides as follows:
If any person has a claim for more than ten dollars for CT Page 1829 materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land . . . the building . . . or the lot or . . . the plot of land, is subject to the payment of the claim.
The issue raised by the defendant is similar to one which our supreme-court previously addressed in Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., 217 Conn. 361, 585 A.2d 1210 (1991). In that case, the court held that an attorney who represented a client in obtaining a zoning change and in other matters related to the development of real estate was not entitled to file a mechanic's lien. In so holding, the court reviewed the legislative history of a 1974 amendment to the statute which added the phrase "or in the improvement of any lot or in the site development or subdivision of any plot of land." See Public Acts 1974 No. 74-310.
One issue addressed in Nickel Mine Associates v. Joseph E. Sakal, P.C., supra, 368, was the types of services the legislature intended when it used the terms "improvement," "site development" and "subdivision." In concluding that an attorney's services in arranging zoning changes were not lienable under the mechanic's lien statute, the court referred to the title of the public act which amended the statute, "An Act Concerning Mechanic's Liens on Land Being Improved or Subdivided." (Emphasis added.) Id. The court concluded that an attorney's services differed from those of a mechanic which it stated "is normally envisioned as a skilled worker who brings about a result by the use of tools, machines or equipment." Id., 368. Furthermore, the court reviewed the legislative history of the 1974 amendment to see if it could glean the type of services the legislature envisioned would be encompassed within the phrase "site development or subdivision." The court noted that the legislative history does not clearly define the scope of the 1974 amendment but that references in the history to "surveyors and engineers who draft subdivision plans provide some evidence of the types of services that might be embraced by the amendment. 17 H.R. Proc., Pt. 10 1974 Sess., pp. 4970-71, 4977-79." Nickel Mine Associates v. Joseph E. Sakal, P.C., supra, 369. For example, the legislative history of Senate Bill No. 275 (which became the 1974 amendment known as Public Act 74-310) contains the following colloquy as to its effect:
 Rep. Kablik: (29th) . . . [A]t what point does this ability to lien commence. CT Page 1830 For instance, if the developer is in the process of preparing preliminary drawings on the subdivision . . . then he goes and makes his application but for one reason or another it's either turned down, or let's say it's turned down, his work, for instance, that was done from the time of application to the time of turn down . . . for instance, an engineer who had designed the entire thing. Would he then have a lien on the entire parcel even if the subdivision didn't occur?
 Rep. Brown: (86th) It's my opinion, yes. I want to doublecheck that though."
17 H.R. Proc., Pt. 10, 1974 Sess., pp. 4977-78.
The other issue addressed in Nickel Mine Associates v. Joseph E. Sakal, P.C., supra, is whether the "mechanic's" work made actual improvements to the parcel on which the lien was filed. Cases construing the language of the statute before the amendment "have required as a condition of lienability, that the work done be incorporated in or utilized in the building (or the appurtenance) to be constructed, raised, removed or repaired." Camputaro v. Stuart Hardwood Corporation, 180 Conn. 545, 552, 429 A.2d 796: (1980). In support of this conclusion the Camputaro court cited the pre-amendment case of Marchetti v. Sleeper, 100 Conn. 339, 342,123 A. 845 (1924), which held that an architect's plans and specifications constitute lienable services rendered in the construction of a building so long as "some actual or theoretical increment of value has attached itself to the land by the commencement of the building. . ." In Camputaro, the court "concluded that one of the purposes of the 1974 amendment was to eliminate this requirement that the work be incorporated or utilized in a building or appurtenance." Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., supra, 365. Ultimately, in Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., the court found it unnecessary to address the merits of whether the mechanic's lien statute should include "only those services which physically enhance the property or which lay the groundwork for physical enhancement" since it concluded that an attorney's services were not lienable under the mechanic's lien statute as amended. Id., 369 n. 9.
In Sisk v. Zukowski, 3 CSCR 641 (June 29, 1988, O'Neill, J.,), however, the court held services "in the since development or CT Page 1831 subdivision of any plot" did not require any improvement on the land to be lienable. In that case, the court denied an application for the discharge of a mechanic's lien filed for civil engineering services which included preparation of preliminary development plans and attendance at "`all meetings with representative of . . . [the parcel owners] and other consultants retained by them. . .' and with the state and local authorities." Id., 641. The court held the engineering services lienable although no physical work was performed.
A like conclusion was reached in McDonald/Sharpe Assoc. Lewis Assoc., Superior Court, Judicial District of Middlesex, Docket No. 59790 (November 10, 1992, Higgins, J.) wherein the plaintiff provided surveying, engineering and related work necessary to develop, subdivide, and obtain zoning approval on a parcel of land, and thereafter successfully pursued the foreclosure of its mechanic lien.
In the present case, the services provided by the plaintiff are similar to those described in Sisk and McDonald/Sharpe. In Sammartino's affidavit in support of the motion, he characterized the plaintiff's services as "design work and engineering work to determine whether the appropriate permits could be obtained to develop such parcel as a shopping center." In his affidavit opposing the summary judgment motion, one of the plaintiff, s principals avers that the "[p]laintiff prepared complete site plans with sufficient detail for total site construction," "supervis[ed] test pit work," "allowed [the] defendant to obtain a necessary U.S. Army Corps of Engineers permit. . .," and "helped [the] defendant obtain Inland Wetland Commission approval for the project." Affidavit of Robert Arsenault, 8, 9, 11, 14. As in Sisk and McDonald/Sharpe the plaintiff's work did not result in any physical construction of the proposed development
The Court concludes that the services allegedly provided by Design Professionals in this case provide a basis for a mechanic's lien, without regard to whether the land was physically enhanced or physically improved.
 II
Was the mechanic's lien, which was served on "Eugene Sammartino," not "Eugene Sammartino, Trustee" improperly served?
General Statutes 49-34 provides that a mechanic's lien is not CT Page 1832 valid unless the person performing the services or furnishing the materials serves a true and attested copy of the certificate of lien on the owner of the building, lot or plot of land. "Provisions of mechanic's lien should be liberally construed so as to reasonably and fairly implement its remedial intent." H S Torrington Assoc. v. Lutz Engineering Co., 185 Conn. 549,441 A.2d 171 (1981). "[A]n inaccuracy in describing a party will not invalidate the lien, since technical nicety in the statement of details is not required and the [mechanic's lien] statute is to be so construed and applied as to reasonably and fairly carry out its remedial intent. Pierce, Butler Pierce Mfg. Corp. v. Enders,118 Conn. 610 615 [1934]." City Iron Works Inc. v. Frank Badsteubner Post No. 2090, 22 Conn. Sup. 230, 231, 167 A.2d 462 (1960). In discussing the notice required by the mechanic's lien statute (then codified at General Statutes 5107), the court in Pierce, Butler Pierce Mfg. Corp. v. Enders, supra, held that the statute "only requires that [the notice] inform the owner that the person giving it . . . has rendered services or commenced to render services and intends to claim a lien therefor. . ." Id., 615. In that case, where a subcontractor was incorrectly described in the mechanic's lien as a "contractor and agent," the court held that "no one was misled by the error in the immaterial description" and the error was "insufficient to invalidate the lien." Id., 615.
In the present case, a copy of the mechanic's lien was served on "Eugene Sammartino" on April 24, 1990. The defendant here Eugene Sammartino, Trustee, claims that the April 24th notice was insufficient notice to the owner of the subject property, Eugene Sammartino, Trustee. It can hardly be argued that Edward Sammartino, Trustee, was not informed of the lien pending against the subject property by virtue of the notice to Eugene Sammartino. It defies reason to believe that the defendant could be misled by the omission of the designation "Trustee." Considering the purpose of the notice and the remedial intent of the statute, the Court finds that the plaintiff's notice, despite a technical inaccuracy, complied with General Statutes 49-34 and did not invalidate the lien against the defendant's property.
 III
Was the Certificate of Lien timely filed and served?
General Statutes 49-34 provides:
A mechanic's lien is not valid, unless the person CT Page 1833 performing the services or furnishing the materials (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the . . . lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the . . . lot or plot of land. . ."
In this case a certificate of lien was filed and recorded in the town clerk's office in the Town of Andover on April 24, 1990. On the same day, a true and attested copy of the certificate of lien was served on Eugene Sammartino. In order to have been timely filed, recorded and served, the plaintiff's last day of services for Sammartino would have had to occurred on or after January 24, 1990.
The defendant claims that the last services the plaintiff performed were on November 13, 1989, when the plaintiff attended an Inland Wetlands Commission meeting in the Town of Andover. Affidavit of Eugene Sammartino, 12. The defendant also claims that his last contact with the plaintiff was on January 18, 1990 when he met with representative of the plaintiff and his new engineer on land adjacent to the parcel in question. Affidavit of Eugene Sammartino, 10. The plaintiff, through the affidavit of its principal, concedes that most of the work it "performed for plaintiff (sic) occurred prior to February of 1990;" affidavit of Robert Arsenault, 15, but avers that it finished up work for the defendant in February, 1990, which included reviewing the plans and meeting with the defendant and his engineer. Affidavit of Robert Arsenault, 16.
Based on the conflicting factual allegations found in the affidavits, the Court is constrained to conclude that there is a genuine issue of material facts as to when the plaintiff's last date of services were performed.
The Motion for Summary Judgment is denied.
Klaczak, J. CT Page 1834