[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT,WEST HARTFORD ASSOCIATES'APPLICATION TO DISCHARGE MECHANICS LIEN
FACTUAL BACKGROUND
This matter involves the application by the named defendant, West Hartford Associates, to discharge a mechanics lien[1] in the amount of $537,213.06 filed by Tilcon Roncari, Inc., which supplied services and materials to the defendant. There is no dispute between the parties as to the factual background surrounding this application.
The services and materials were furnished by Tilcon Roncari, Inc., to the defendant between March 28, 1996 and November 13, 1996. A mechanics lien was filed on February 7, 1997.
However, Tilcon Roncari, lnc., merged with the plaintiff, Tilcon Connecticut, Inc., as of December 31, 1996. The mechanic's lien was executed by Donna Morin, an employee of bath corporations. All work and materials were supplied by Tilcon Roncari Inc., and Tilcon Connecticut, Inc., succeeded that corporation's interests and obligations.
It is also undisputed that Tilcon Roncari, Inc., ceased to exist under Delaware law on December 31, 1996. Both corporations are Delaware corporations.
The defendant claims that the lien should be discharged pursuant to General Statutes § 49-55a and 49-37 because the lien was filed by a non-existent corporation and is therefore invalid. § 49-34 provides that the lien must subscribed and CT Page 4691 sworn to by the claimant. (Emphasis added.)
Law and Conclusion
Inasmuch as it is an undisputed fact that the filing of the mechanics lien under the name of Tilcon Roncari, Inc., was a mistake. The issue for this court is whether such mistake was fatal to the validity of the mechanics lien at issue here.
Our trial court and our Supreme Court have had numerous occasions to discuss variances in the mechanic s lien filings as opposed to the statutes.
What has emerged from these cases is a clear policy that unless a key element of the mechanics lien statute is violated, our courts will uphold the validity of the lien. In J.C. PenneyProperties, Inc., v. Peter M. Santanella Company, Inc.,210 Conn. 511, 514 (1989), the court said:
 We have long endowed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics liens in order to achieve a remedial purpose of the mechanics lien statutes. Provisions of mechanic s lien law should be liberally construed so as to reasonably and fairly implement its remedial intent.
That intent, of course, is to furnish security for a contractor's labor and materials.
The court goes on to say at page 515:
 In accordance with this policy, our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed.
The court has invalidated liens only when it concluded that they lacked a necessary statutory element such as an unsworn to certificate, oral instead of written notice where required and proper recording of the certificate in the town clerk' s office.Penny Properties, supra, at page 515-517. The court has likened these liens to real estate deeds in requiring their formality. See First Constitution Bank v. Harbor Village Limited Partnershipet al, 230 Conn. 807 (1994). Even in such a case, the court refused to invalidate a lien which was unfiled but properly CT Page 4692 indexed and excecuted.
Two Supreme Court cases have dealt with mistaken or incorrect naming of the filing parties. In Shattuck v. Beardsley,46 Conn. 386, (1878), the filing name of the lienor was incorrect, although the certificate correctly specified the individuals who furnished the materials. The court held the lien to be valid because it did not appear that the mistake misled or prejudiced the parties or anyone else.
In Pierce, Butler Pierce Mfg. Corp. v. Anders,110 Conn. 610 (1934), a subcontractor was inaccurately described as a "contractor and agent". Here again, the court validated the lien citing the fact that no one was misled by the error.
This court is of the opinion that the facts in this case most approximate those in Shattuck and Pierce, supra.
The error made by the plaintiff merely misdesignated the former corporation instead of the surviving company. The services were performed by Tilcon Roncari, Inc., as articulated in the lien. The only misnomer was the filing corporation's new title. The affidavit was signed by the proper person. It is clear to the court that the mistake was made in good faith and no prejudice could possibly result to the defendant from this mistake, nor has any been claimed. To so find would be to elevate form over substance.
The defendant s motion to discharge the mechanics lien is denied.
FREED, J.